## Doyle, plaintiff in error, *vs.* Stevens, *et al.*, defendants in error.

It is competent for a party to allege exceptions to the charge given the jury, at any time before verdict.

Where one, at the time of taking a conveyance or mortgage of goods, receives direct and express notice that another party holds a prior mortgage on the property, or if the prior morgagee is in possession of the property, it is sufficient notice to put such subsequent morgagee upon inquiry as to the extent of such prior lien, and in that case he takes subject to the same.

Upon the trial of a cause in which there was no evidence adduced tending to show, or from which the jury could infer, that defendant had such notice of a prior lien as would affect him, the Court refused to charge, as requested by plaintiff, "that if they were satisfied from the evidence that defendant, when he took his mortgage on the property, had such notice of the plaintiff's prior mortgage, as was calculated to put him on inquiry as to its real nature, it was sufficient to charge him with notice of it as an encumbrance." *Held*, not error.

The appointment of the clerk of the morgagor as agent of the morgagee, for the purpose of taking care of and selling the goods, where there is no announcement of a change in the business; no change of books and no change whatever, so far as outward acts of ownership and possession is concerned, is not a change of possession, within the intent and meaning of the statute.

The notice to a subsequent purchaser or morgagee of a prior lien upon chattels, must be so clear and distinct as to render it bad faith in the second morgagee to insist upon his mortgage in preference to the former.

Error to Wayne Circuit.

This was an action of replevin, brought by the plaintiff in error in the Wayne Circuit Court. The cause was tried at September Term, 1855, by a jury, who found the issue for the defendants, and that the defendants had a special property as mortgagees in the goods replevied, to the amount of $523.33, and a judgment was rendered thereon for said sum, with costs. A bill of exceptions was filled by the plaintiff, from which the following facts appear: Prior to the 16th of March, 1855, one John Keily was the owner of the goods in question; and on that day executed a chattel mortgage on the goods to the plaintiff, conditioned for the payment of $1,700. The mortgage was filed in the office of the City

Clerk of Detroit, where all the parties resided on the 28th of March, 1855. The goods were taken by the defendants, after the execution of the mortgage to the plaintiff. One Morris S. Bishop, after the execution of the mortgage, acted as clerk of the plaintiff in taking care of and selling the goods. There was no announcement of a change in the business, and no change in the books. Keily was in the store but a small part of the time, he being out of health. The defendants, on the trial, proved a chattel mortgage on the same goods, made by Keily to them on the 23d day of March, 1855, conditioned for the payment of $471.37, which was filed in the City Clerk's office on the 24th March, 1855. It appeared that at the time this mortgage was executed, Bishop, who was present, when asked to sign it as witness, remarked to Keily in presence of Field, one of defendants, that he had no right to give the mortgage, as there was a mortgage already on the property. The plaintiff asked the Court to charge the jury, that if they were satisfied from the evidence that the defendants, or either of them, when they took the mortgage of March 23d, 1855, had such notice of the plaintiff's mortgage as was calculated to put them on inquiry as to its real nature, it was sufficient to charge them with notice of it as an encumbrance. The Court declined so to charge, and the plaintiff excepted. The Court charged the jury that there was not, on giving the mortgage by Keily to the plaintiff, such an actual and continued change of possession of the goods mortgaged, as amounted to notice to the defendants of the plaintiff's mortgage. To this part of the charge the plaintiff excepted, after the jury had retired to consult upon their verdict. The Court further charged the jury, that in order to find for the plaintiff, they must be satisfied that the defendants, when they took their mortgage of March 23d, had clear and distinct notice of the plaintiff's mortgage— such notice as would make it bad faith in them to insist on

their mortgage in preference to it. To this charge the plaintiff also excepted.

*Levi Bishop*, for plaintiff.

If the defendants had notice, actual or constructive, of the prior mortgage when they took theirs, they were not subsequent mortgagees in good faith, within the meaning of the statute. (*R. S.*, 1846, *p.* 327, § 10; 15 *Wend.* 594, 595; 19 *Ib.*, 514; 20 *Ib.*, 17.)

The fact that Bishop acted as plaintiff's agent in taking care of the goods and selling them for plaintiff, was evidence of possession by plaintiff and of title in plaintiff, both under the statute, and upon general principles. (*R. S.*, 327, § 10; 1 *Greenl. Ev.*, § 34; 6 *Wend.*, 226; *Adams Eq.*, 151, *note*; 2 *Lead Ca. in Eq.*, 117.)

It is often difficult to determine what particularity or certainty in the notice is necessary to affect a subsequent purchaser, but it seems well settled, both at law and in equity, that whatever is sufficient to put a person on inquiry is sufficient notice. (*Adams Eq.*, 151, *note* 1, *and cases cited*; *Ib.*, 158; 6 *Wend.*, 226; 15 *Ib.*, 594; 2 *Lead. Ca. in Eq.*, part 1, 100, 101, 111, 112, 116, 130, *and numerous cases there cited*; 26 *Maine*, 484.)

2. The charge that there was not such a delivery and actual and continued change of possession as amounted to notice to the defendants, was erroneous. The question was one of fact, and within the exclusive province of the jury. The Court took from the jury the determination of a fact which ought to have been left to them. (1 *Greenl. Ev.*, § 49, *and cases cited*; *Ib.*, 160 *and* 227, *note*; 1 *Stark. Ev.*, 5; 2 *Sum.*, 243; 4 *Bing.*, 195; 10 *Metc.*, 263; 13 *N. H.*, 536.)

*Walkers & Russell*, for defendant.

1. There was no such delivery and continued change of possession in this case, as comes within the intent and

meaning of the statute. (2 *Kent Com.*, 676; 5 *Vt.*, 231; 2 *Ib.*, 187; 8 *Ib.*, 352; 7 *Paige*, 164.)

2. The second exception is not well taken. The plaintiff was not entitled to a charge upon the hypothesis that the defendant had any notice of the plaintiff's mortgage, when there was no testimony tending to prove such hypothesis. (5 *Sand. S. C. R.*, 592; 8 *Gill.*, 216.)

Notice to affect the defendants by the plaintiff's mortgage, must have been clear and distinct notice of that particular mortgage : " Such notice as would make it *bad faith* in them to insist upon their mortgage in preference to it. Notice that merely puts them on inquiry, is not sufficient for that purpose. (4 *Kent Com.*, 172; 2 *Sugd. on Vend.*, 487, § 40; *Atk*, 275; 3 *Ves.*, 478; 19 *Ib.*, 438; 8 *J. R.*, 108; 12 *Ib.*, 452; 2 *J. C. R.*, 189; 8 *Cow.*, 264; 6 *Barb.*, 78; 3 *Pick.*, 153; 3 *Metc.*, 406; 11 *Ib.*, 246; 3 *Ib.*, 203; 29 *Maine*, 140; 4 *Scam.*, 202; 14 *Ill.*, 66.)

By the Court, COPELAND, J.

It appears from the Bill of Exceptions, that to the charge of the Court to the jury upon one point, no exception was taken until after the jury had retired to consult upon their verdict, when the counsel for the plaintiff requested the Court to note an exception thereto. Our attention was also called to this question at the argument.

The more general, and we think the better practice is, that a party who complains of instructions given or withheld at the trial, should take his exceptions before the jury retire. For if the Judge is advised that one of the party excepts to his opinion, he has an opportunity of reconsidering it, or explaining it more fully to the jury. But under the provisions of our statute, and in the absence of any rule upon the subject, it is competent for a party to allege exceptions to the charge given to the jury, at any time before they shall have delivered their verdict. (*R. S.*, 1846, *p.* 161, § 62.)

The first assignment of error is, that the Court erred in declining to charge the jury as requested by the plaintiff's counsel, "that if they were satisfied from the evidence, that . the defendants, or either of them, when they took their mortgage of March 23d, 1855, had such notice of the plaintiff's mortgage, as was calculated to put them on inquiry as to its real nature, it was sufficient to charge them with notice of it, as an encumbrance."

There is nothing materially objectionable in this request, as an abstract proposition, and if there was any testimony in the case upon which to base such a charge, its refusal was ground of error. So that whether such refusal was error or not, must depend exclusively upon the question, whether there was testimony from which the jury could have found that the defendants had such notice of the plaintiff's mortgage. In regard to what degree of notice, or how particular, or definite it must be to put a party upon inquiry, there is some conflict in the authorities. But we apprehend that it will be found that such conflict is more ostensible than real, more in the use of terms employed, than in the degree of notice held to be requisite.

It was held in Tuttle *vs.* Jackson, 6 Wend. R., 226., that "if the subsequent purchaser knows of the unregistered conveyance at the time of his purchase, he cannot protect himself against that conveyance, and whatever is sufficient to make it his duty to inquire as to the rights of others, is considered legal notice to him of those rights." In that case Tuttle, the party who held the prior unregistered conveyance, was in the actual possession of the premises, and that is what was said to be sufficient to put a party upon *inquiry*. And in Sanger *vs.* Eastwood, 19 Wend. R, 514 ; also in Gregory *vs.* Thomas, 20 Wend. R., 17, cases cited under this point by the counsel for the plaintiff, the subsequent mortgagee had express notice at the time of taking the subsequent mortgage, of the prior encumbrance. Wilde, J., in Pomeroy *vs.* Stevens, 11 Metc.

Rep., 246, says : " It is not sufficient to prove facts that would put a party upon inquiry. He is not bound to inquire ; but the party relying on an unregistered deed, against a subsequent purchaser, or attaching creditor, must prove that the latter had actual notice or knowledge of such deed." And again in Dey vs. Dunham, 2 John. Ch. Rep., 182, we find Chancellor Kent observing that he did not think " the Courts had gone the length of saying that notice that is to put a party upon inquiry, is sufficient to break in upon the policy and express provisions of the registry laws." And in that case he held, that although the purchaser was expressly notified in writing by the grantor that the title to the land was in Dunham, as collateral security for the payment of certain notes, yet as the notice was not particular as to date, or sum, or time of payment, it was not sufficient. But the case was subsequently taken to the Court of Errors, where the decree of the Chancellor was reversed, the Court holding that the notice of prior encumbrance was sufficient. (*Dey* vs. *Dunham*, 15 *John. R.*, 564.)

The rule is this, and we apprehend that this, with few exceptions, is all that the Courts have intended, when speaking of a notice that should put a party upon inquiry : that where a party, at the time of taking a subsequent conveyance or mortgage, receives direct and express notice that a certain other party holds a prior mortgage, or other lien upon the property included in such subsequent conveyance ; or if such prior mortgagee or grantee is in the possession of the property conveyed ; or if such prior mortgage or other conveyance has been recorded, it is sufficient to put such subsequent mortgagee or grantee upon inquiry as to the extent of the claim or lien of such prior mortgagee or grantee, and in that case he would take subject to such prior lien.

In this case no evidence was adduced at the trial, tending to show, or from which the jury could possibly legally have found, that the defendants, or either of them, had such notice

of the plaintiff's prior mortgage, as will bring the case within the rule. There was no error, therefore, in the refusal of the Court below, to charge the jury as requested upon this point.

We shall have occasion to examine further this question of notice, in considering the third exception in the bill.

2. It is alleged that the Circuit Court erred in charging the jury, "That there was not, on the giving of the mortgage by Keily to the plaintiff, such a delivery, and actual and continued change of possession of the goods mortgaged, as amounted to notice to the defendants of said mortgage to the plaintiff."

The question involved in this portion of the charge, is undoubtedly as was contended by the counsel at the argument, a question of fact for the jury, and if there was any testimony at the trial tending to show the delivery, and the actual and continued change of possession, contemplated by the statute, it should have been submitted to the jury.

The change of possession contemplated is an open, visible, substantial change, and must be such as to give notice to the public that there has been a change in the ownership. (*Judd et al.* vs. *Harris*, 5 *Vt. Rep.*, 234; *Morris et al.* vs. *Hyde*, 8 *Vt. Rep.*, 352; *Butler* vs. *Stoddard*, 7 *Paige*, 166.)

In the latter case, the Court say there must be an actual and continued change of possession, as well as a nominal and constructive change ; and further, that a "construction which would allow the vendor to remain in possession of the goods, and sell them out as the agent of the purchaser or assignee, would render the statute for the prevention of frauds a mere nullity." Was there, in this case, any testimony tending to show such a change of possession? Clearly not. The witness Bishop, who, prior to the giving of the mortgage to the plaintiff, had been the clerk of the mortgagor, Keily, swears that after the giving of said mortgage, he still continued in the store, as the agent of the plaintiff, in taking

care of and selling the mortgaged goods, but that there was no announcement of change in the business, and no change of books. Indeed, it does not appear that there was any change whatever, so far as outward acts of ownership and possession were concerned. It was, therefore, not only competent for the Court, but its duty, to give the instruction complained of, and direct the inquiry of the jury to the only point which, under the evidence in the case, they had occasion to consider. This leads us to that portion of the charge of the Court, constituting the third and remaining ground of error. It was this : " That the jury, in order to find for the plaintiff, must be satisfied that the defendants, when they took their mortgage of March 23d, had clear and distinct notice of the plaintiff's mortgage ; such notice as would make it bad faith in them to insist on their mortgage in preference to it." Here again we find no error in the charge- The decisions upon this point leave us in no doubt. In addition to the authorities cited under the first point, some of which are equally decisive of this, we find Lord Hardwick, in an early case, holding that the notice must be " clear and undoubted ;" that " suspicion of notice, though a strong suspicion, is not sufficient to justify the Court in breaking in upon the Act of Parliament." (*Hive* vs. *Dodd*, 2 *Atk. Rep.*, 275.)

It will be found that a like certainty and clearness of notice, has been held requisite in subsequent English cases. (*Jolland* vs. *Sturbridge*, 3 *Ves.*, 478; *Wyatt* vs. *Barnwell*, 19 *Ib.*, 438.)

The Master of the Rolls, Sir William Grant, in the latter case, remarks that " it has been much doubted whether Courts ought ever to have suffered the question of notice to be agitated, as against a party who had duly registered his conveyance ; but they have said, we cannot permit fraud to prevail ; and it shall only be in cases where notice is so clearly proved, as to make it fraudulent in the purchaser to

take and register a conveyance, in prejudice of the known title of another, that we will suffer the registered deed to be affected."

The American authorities, as we have already seen, are equally explicit. The second purchaser, or subsequent mortgagee, must have certain notice of the prior conveyance, and such notice is *per se*, evidence of *mala fides*. (*Jackson* vs. *Bayott*, 10 *J. R.*, 457; *Jackson* vs. *Van Valkenburg*, 8 *Cow.*, 260; *Rogers et al.* vs. *Wiley*, 14 *Ill.*, 66; *Sanger* vs. *Eastwood*, *supra.*)

As has has been well remarked, it is a matter of great doubt, whether the express and positive provisions of the registry acts ought ever to have been broken in upon. But since they have been, the rule requiring that the subsequent purchaser or mortgagee should have clear and positive notice of the prior encumbrance, in order to affect him, should in nowise be relaxed.

Judgment affirmed.

Present, COPELAND, BACON, WING, PRATT, GREEN and MARTIN, J. J.

DOUGLASS, J., did not participate, having decided the cause in the Court below.