TAYLOR *v.* RANDALL.

1. Unless exception to the charge of the court be seasonably taken error cannot be based upon it. After the delivery of a sealed verdict, or the announcement of an oral verdict, it is too late to except to the charge.

2. The proper practice requires that the exception be taken at the time the instruction is given and before the retirement of the jury to consider of their verdict.

3. This court is not at liberty to reverse a judgment upon the overruling of a motion for a new trial, where exceptions have not been properly reserved during the trial, unless the verdict is unsupported by evidence.

*Error to District Court of Park County.*

THE case is stated in the opinion.

Mr. ORRIS BLAKE, for plaintiff in error.

Messrs. FRANCE & ROGERS, forde fendant in error.

THATCHER, C. J. This suit was commenced by the defendant in error against the plaintiff in error, before a justice of the peace, on an account for goods sold and delivered. The trial resulted in a judgment for the plaintiff from which an appeal was taken by the defendant to the district court, where a trial *de novo* was had with the same result as before the justice of the peace.

The first, second and third assignments of error upon the record relate to the instructions of the court, and may be properly considered together. Unless an exception to the charge of the court be seasonably taken, error cannot be

predicated upon it. The record shows that the defendant in the court below, " at the announcement by the jury of their verdict, and upon the discharge of the jury, " excepted to the instructions of the court, and each and every of them. This language is somewhat ambiguous. The announcement of the verdict and the discharge of the jury could not have been simultaneous acts. One must have preceded the other. As a bill of exceptions must be construed most strongly against the party who prepared it, we must interpret this language to import that the exception was only taken " upon the discharge of the jury." Can the defendant avail himself of the benefit of this exception? Is it properly any part of the record? These are pertinent inquiries. To entitle a party to an exception to an erroneous charge, it should be taken at the time the error complained of is committed. The court, before it is too late to rectify the supposed error, must be apprised of its alleged existence. If the party aggrieved silently acquiesces in the instructions given, until the time has passed within which it is possible for the court to recede from its position, if it chooses to do so, he is precluded thereafter from taking an exception. If the exception be allowed, it becomes a needless incumbrance of the record.

The authorities are agreed that after the delivery of a sealed verdict or the announcement of an oral verdict in open court, it is too late to except to the charge. *Jones et al.* v. *Insurance Co. of North America*, 1 Binn. (Penn.) 38 ; *Bratton* v. *Mitchell,* 3 Penn. St. 44 ; *Morris* v. *Buckly*, 8 S. & R. 211 ; *Jones* v. *Van Patten*, 3 Ind. 107 ; *Madenbousch* v. *Sharer*, 2 W. Va. 285 ; *Lanuse* v. *Barker*, 10 Johns. 321 ; *Doyle* v. *Stevens*, 4 Mich. 87 ; *State* v. *Clark*, 37 Vt. 471 ; *Leigh* v. *Hodges*, 3 Scam. 17 ; *Hill* v. *Ward*, 2 Gill, 293 ; *Life and Fire Insurance Co.* v. *The Mechanics' Fire Ins. Co.*, 7 Wend. 35.

The doctrine of the last four cases just cited, which we conceive is the better practice, requires the exception to be taken at the time the instructions are given, and before the retirement of the jury to consider of their verdict. But the

exception under consideration was not taken even in pur-
suance of the more liberal practice.    It came too late.

Had the exception been taken in time, it would afford no
ground for a reversal of the judgment.    The instructions
could not have misled the jury in any event to the prejudice
of the defendant.

The only other question raised by the remaining assign-
ment goes to the ruling of the court in denying the motion
for a new trial.    As no exception was duly reserved during
the progress of the trial, we are not at liberty to reverse the
judgment unless the verdict is unsupported by evidence.
The *bona fides* of the sale by Janes to Randall was sought
to be impeached.    The actual delivery and continued pos-
session of the property sold were also drawn in question.
As no written pleadings were required, the court below al-
lowed the same latitude to the defendant in the introduction
of testimony as if every plea that might have been pleaded
had been interposed.    The evidence is set out *in extenso* in
the record.    It was the province of the jury that tried the
cause, as the evidence was so contradictory as to be impos-
sible of reconciliation, to determine to whom credit should
be given.    They are the proper judges of the weight of evi-
dence and the credibility of witnesses.    Sitting as an appel-
late court we must assume the truth to be with the evidence
that upholds, and not with that which assails the verdict,
unless the weight of evidence very strongly preponderates
against it.    It is not enough that had the verdict been differ-
ent upon the same evidence, this court would not have dis-
turbed it.    This case has twice been submitted to a jury
with the same result at each trial.    As in our view there is
sufficient evidence to sustain the verdict, and as we discover
no material error in the record, the judgment of the court
below will be affirmed.

*Affirmed.*