PUEBLO & ARKANSAS VALLEY R. R. Co. v. BESHOAR.

Under the statute of this state (section 263, Code) a mortgagee has a lien merely, and if out of possession, and not entitled to possession, cannot maintain an action of trespass for damages.

*Appeal from District Court of Las Animas County.*

THE facts are stated in the opinion.

Mr. CHARLES E. GAST, for appellant.

Mr. WILLARD TELLER, for appellee.

HELM, J.   This action was brought by appellee against appellant to recover damages for a trespass upon the former's "close." The injuries averred and proven consisted in the damaging of fences, crops, irrigating ditches, etc., by the construction of appellant's railroad upon and across the premises described in the complaint.

The motion for a non-suit should have been sustained by the court below.

Plaintiff made no effort to prove ownership of a possessory interest in the premises under our statutes relating to occupancy of the public domain. He relied upon a certain deed from one Mary Chene, which purported to convey "all her right, title and interest in" a quarter section of land; fifteen acres of this quarter section were specified in the complaint.

But plaintiff's own testimony established beyond ques-

tion the fact that the deed from Mary Chene was merely a mortgage; that it was given to secure the payment of a debt amounting to $638; that the mortgagor had remained in possession, and that plaintiff had, at the time of trial of this cause, taken no steps to foreclose or sell, or obtain possession. There is nothing to show that, at the date of commencing suit, plaintiff could even have instituted foreclosure proceedings.

It is true that, according to his testimony, plaintiff had actually purchased, and was entitled to retain from the quarter section mortgaged, two acres. But it also, in like manner, appears that he was to make a selection of this two-acre tract, and that up to the beginning of this action he had not made such selection; we are not even advised whether or not he contemplated reserving his two acres from the ground described in the complaint; for aught that appears, he may ultimately have concluded to choose the same from another part of the tract covered by the mortgage. It is evident the suit was brought and tried upon the theory that, by virtue of the deed, he held title to the entire quarter section, or at least to the fifteen acres alleged to have been damaged.

This is a mistake; plaintiff held no legal title whatever to any part of the premises; the common law rule in this particular concerning mortgages is abrogated; and by statute in this state the equitable doctrine, in the absence of special contract to the contrary, has been made universal; plaintiff's mortgage created a lien merely; at the time he began this action he was a bare mortgagee out of possession, not entitled to possession, and no right thereto might ever accrue.

Section 263 of the Civil Code reads as follows: "A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property, without foreclosure and sale, and the fact of a deed being a mortgage in effect may be proved by oral testimony;

but this section shall not apply to trust deeds with powers of sale."

This statute hardly needs construction, but nevertheless it has been construed. The supreme court of California have held that a similar provision in that state "takes from the instrument its common law character," and that the statute deprives the mortgagee of "all right of possession, either before or after condition broken." *Fogarty v. Sawyer,* 17 Cal. 589; *McMillan v. Richards,* 9 Cal. 365.

Before a right of possession springs into existence, the mortgagee must foreclose his mortgage and sell the realty mortgaged.

Having no title to the premises, and not being in any way authorized to possess or occupy the same, plaintiff could not recover for damages thereto. The judgment will be reversed and the cause remanded.

*Reversed.*