SPAULDING, APPELLANT, v. SALTIEL, APPELLEE,

1. PLEADING.

A complaint states a cause of action which shows that defendant engaged plaintiff to sell certain property for a certain price and promised him a stipulated commission in case he should find a purchaser, that plaintiff undertook to and did find a purchaser ready and willing to pay the price, and that defendant refused to pay the commission.

2. SAME—DOUBLE STATEMENT.

As a general rule, the practice of pleading a double statement of the case is not permitted under the code.

3. PRACTICE.

When this rule is violated, the remedy is by motion before or at the trial for an order compelling the plaintiff to elect upon which count he will proceed, and not for judgment upon the pleadings.

4. PLEADINGS—SEPARATE CAUSES OF ACTION.

When two counts in a complaint stand upon substantially different foundations, the sufficiency of the averments of the one in no way depends upon the other.

5. SAME—WHEN NOT INCONSISTENT.

Each count is supposed to contain a separate cause of action, and an admission in one cannot destroy the statement of a different cause of action in a separate count.

6. REVIEW UPON APPEAL.

Conflicting evidence will not be reviewed upon appeal for the purpose of substituting the court's judgment for that of the jury.

7. PRACTICE, PLEADINGS NOT FOR JURY.

The pleadings should not be sent out with the jury.

8. INSTRUCTIONS AS TO ADMISSIONS.

If a party desires to have a jury consider any fact admitted by the pleadings of his adversary, he should request an instruction stating the facts so admitted.

*Appeal from the District Court of Arapahoe County.*

APPELLEE, Emanuel H. Saltiel, brough this action in the district court to recover the sum of $2,000 upon an express contract for commissions for the sale of real estate situate in the city of Denver. The cause was tried three times in the court below. Upon the first and second trials the jury disagreed. The third resulted in a verdict and judgment for the plaintiff for the sum of $2,000, from which judgment this appeal is taken.

Mr. S. C. HINSDALE, for appellant.

Mr. H. E. LUTHE, for appellee.

PER CURIAM. The argument of appellant for reversal is based upon two grounds : *First*, that the verdict is not in accordance with the law ; and *second*, that the verdict is unsupported by the evidence. The complaint at first filed contained two counts. Afterwards, the second count was eliminated by the court and a third count added by leave of. court, so that at the trial the complaint contained but two counts. The averments show that both are founded upon the same cause of action. They are stated differently, as was a common practice at the common law to meet the varying aspects of proof.

In the court below the defendant filed his motion for judgment upon the pleadings. The motion was based principally upon the ground that the facts pleaded did not constitute a cause of action, and upon the further claim that the facts as pleaded in the separate counts were inconsistent and contradictory one with the other. This objection was renewed at the trial before the introduction of any testimony in the form of an objection to the introduction of testimony under the pleadings. The objection in the various forms in which it was presented was overruled by the court. These rulings are assigned for error in this court.

An examination of the pleadings in this case will show that the substance of the first count in the complaint is that de-

fendant engaged plaintiff to sell certain real estate for the sum of $100,000, promising to pay him the sum of $2,000 in case he should find a purchaser therefor, and that plaintiff undertook to, and did find a purchaser within a reasonable time able and willing to pay the price demanded, but that defendant refused to accept the same and refused to either consummate the sale or pay plaintiff the stipulated commission. That a good cause of action is stated in this count, see *Finnerty et al.* v. *Fritz*, 5 Colo. 174. The third count contains similar allegations with the additional averment that after such purchaser had been procured by the plaintiff, defendant without right refused to consummate any sale upon the terms agreed upon, and revoked plaintiff's authority in the premises to his damage in the sum of $2,000.

The practice of pleading a double statement of the case so as to meet the exigencies of the proofs is not permitted under the code, as a general rule. But in cases where this rule is violated, the remedy is by motion before trial or an application at the trial for an order compelling the plaintiff to elect upon which count he will proceed. Pomeroy's Rem. & Rem. Rights, sec. 576. *Cramer* v. *Oppenstein*, 16 Colo. 504. In no event, can advantage be taken by motion for a judgment on the pleadings. The two counts stand upon substantially different foundations, so that whether the averments of one are sufficient depends in no way upon the other. Each count is supposed to contain a separate cause of action, and an admission in one count cannot be used to destroy the statement of another cause of action in a separate count. Abbott's Trial Brief (Pleadings), sec. 643 and cases cited; *N. P. Ry. Co.* v. *Paine*, 119 U. S. 561.

Upon this appeal it is entirely unnecessary to further consider the third count, for the reason that it was withdrawn from the consideration of the jury by the instructions of the court, and the case sent to the jury upon issues formed upon the first cause of action. It is difficult to see how defendant was in any way prejudiced by the third count, as the evidence

introduced at the trial was all pertinent and proper under the first.

In reference to the objection that the evidence is not sufficient to warrant a verdict, but little need be said. All questions with reference to the time given, the terms and conditions of the agency, and the terms and conditions upon which the purchaser was willing to take the property, together with the alleged revocation of authority to sell, were submitted to the jury under proper instructions upon the evidence. There is a hopeless conflict in the testimony of witnesses, and it was peculiarly the province of the jury to decide upon this conflict. The evidence of plaintiff, who was a witness for himself, and other witnesses, fully supports the first cause of action stated. Upon several salient points this testimony was contradicted by the evidence of defendant and witnesses introduced in his behalf. Having found that no error of law occurred at the trial, this court cannot review the evidence for the purpose of substituting its judgment for that of the jury. " It is not enough that had the verdict been different the court would not have disturbed it." This has been decided over and over again in this court and must now be considered *stare decisis*. *Barker v. Hawley*, 4 Colo. 316; *Taylor v. Randall*, 3 Colo. 400.

After the argument of counsel, the defendant requested the court to allow the jury upon retiring for deliberation to take with them the written pleadings and papers in the cause. The court refused to allow the pleadings to go to the jury, and this is assigned for error. This assignment is based upon sec. 191 of the Code of Civil Procedure, which reads as follows: " Upon retiring for deliberation the jury may take with them all papers except depositions, accounts or account books which have been received as evidence in the case, or copies of such papers as ought not in the opinion of the court to be taken from the person having them in possession." * * *

The argument in support of this assignment of error is that the defendant was entitled to have the admissions contained in plaintiff's complaint before the jury for their con-

sideration. This assignment of error is not well taken. It would be a vicious practice indeed to require the pleadings to be sent out in order that the jury might determine as to what matters were admitted therein and what were not. If the pleadings in this case contained any admissions that the defendant was entitled to have considered by the jury, he should have requested the court to have given an instruction to the jury setting forth the facts so admitted. This he did not do. Finding no error in the record, the judgment will be affirmed.

*Affirmed.*