## VAUGHN v. GRIGSBY.

**1. FIXTURES—CHATTEL MORTGAGE—MEASURE OF DAMAGE.**
Real estate, on which stood a windmill so affixed to the soil as to become a part of it, was conveyed to a trustee to secure the payment of a debt. Afterwards the windmill was attempted to be conveyed by chattel mortgage to. one who, on default, took possession of and removed the mill. *Held*, that the chattel mortgage was ineffective as against the deed of trust; that a justice of the peace had jurisdiction of an action by the beneficiary in the deed of trust against the mortgagee for damages for wrongfully taking the windmill; and that the measure of damages was, under the circumstances of the case, the value of the mill at the time of its removal.

**2. ACTION—PARTIES.**
The beneficiary in a deed of trust may maintain an action for an injury done to his security.

*Error to the County Court of Yuma County.*

Mr. QUITMAN BROWN, for plaintiff in error.

Mr. GRANVILLE PENDLETON and Messrs. ALLEN & WEBSTER, for defendant in error.

THOMSON, J., delivered the opinion of the court.

W. C. Grigsby brought suit before a justice of the peace against G. B. Vaughn to recover damages for injuries to real estate. The case went from the justice to the county court, where the plaintiff had judgment. The defendant prosecutes error.

On January 15, 1893, William Cox conveyed the land to J. J. Grigsby in trust to secure the payment of $150 to the plaintiff. At the time of the execution of the trust deed there was a windmill on the land, which had been sold by the defendant to Cox. On the 31st of March, 1894,—more than a year after the trust deed was given,—the defendant received from Cox a chattel mortgage on the windmill, to

secure the payment on the 1st day of October, 1894, of the balance of the purchase money. Default having been made by Cox, the defendant took possession of the windmill and removed it from the farm, claiming title under his chattel mortgage. The plaintiff's claim is that the mill was part of the realty.

We think it clearly shown by the evidence that the mill was affixed to the soil in such manner that, taking into consideration the purpose of its erection, it was incorporated into the freehold and passed with the land. It was conveyed by the trust deed, and as against the rights acquired by that instrument, the chattel mortgage, subsequently executed, is ineffective.

It is contended for the defendant that the justice had no jurisdiction to hear and determine the controversy, because title to real estate was involved. The statute provides that if in any action before a justice of the peace, relating to real estate, it shall appear that the title or boundaries are in dispute, the justice shall certify the cause and transmit the papers to the district court of the same county. Gen. Stats., sec. 619. It is argued for the defendant that as the plaintiff claimed the windmill as real estate, and the defendant claimed it as personal property, therefore the title to real estate was in dispute. We do not think that the controversy over the character of this property involved a dispute concerning title to real estate within the meaning of the law. Cox's title to the land is not questioned, nor is it denied that he conveyed his title to the trustee. The question was whether, as between mortgagor and mortgagee, the mill was so attached to the land as to be part of it—in other words, whether the windmill was personal property or real estate. In our opinion the objection to the jurisdiction is not well taken.

Prior to the commencement of this suit proceedings had been instituted for the foreclosure of the trust deed, and some days before the justice rendered his judgment, foreclosure had been perfected, the property sold, and a deed exe-

cuted to the purchaser.  The plaintiff was the highest and best bidder at the sale, and it was struck off to him for $50.00. At the time the suit was commenced the plaintiff had neither title nor possession.  The title was in the trustee, the possession was in Cox, and the plaintiff was simply a beneficiary, entitled, if his debt was not paid by Cox, to cause the land to be subjected to its payment.  If, therefore, this were an action of trespass *quare clausum fregit*, it could not be maintained.  *P. & A. V. R. R. Co. v. Beshoar*, 8 Colo. 32 ; *Gooding v. Shea*, 103 Mass. 360.  But a suit may be maintained by mortgagee, or a beneficiary in a trust deed, for an injury done to his security.  He need not have possession, or right to possession of the land.  His right of action grows out of the impairment of his security.  *Gooding v. Shea, supra ; Chouteau v. Boughton*, 100 Mo. 406.  This suit was commenced before a justice of the peace.  There were therefore no written ·pleadings, and the nature of the action must be determined from the evidence.  We think the evidence warranted the judgment.  The land sold for $50.00, $100 less than the principal of the debt.  The removal of the windmill reduced the security upon which the plaintiff relied by an amount equal to the value of the mill at the time of its removal.  That value the court found to be $75.00.  The loss sustained by the plaintiff was therefore $75.00, and the judgment given for that amount must be affirmed.

*Affirmed.*