[No. 1584.]

ARNOLD v. BROAD ET AL.

1. MORTGAGES—IMPAIRMENT OF SECURITY—DAMAGE.

A mortgagee or beneficiary in a deed of trust may maintain an action for damages for the impairment of his security by cutting and removing the timber from the mortgaged premises.

2. SAME—ACTION BEFORE FORECLOSURE.

An action by a mortgagee for damages for the impairment of his security may be maintained before as well as after foreclosure.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN R. SMITH, for appellant.

Messrs. TELLER & ORAHOOD, for appellees.

BISSELL, P. J.

In his complaint the plaintiff alleged generally that one Miller in 1892 was the owner of certain real estate. In March of that year the owner made his note for $1,200 payable five years after date on certain conditions, and to secure it executed a trust deed to one Aldrich, as the trustee, naming the Colorado Securities Company as the beneficiary. In the succeeding month the note was sold and transferred for a valuable consideration to the plaintiff, who since that time had been the holder of it. The plaintiff made divers allegations in regard to the nonpayment of the debt and the nonpayment of much of the accruing interest. He then alleged that Miller conveyed in 1893 to Broad the equity which he held after the execution of the security. In 1896 Broad sold the timber on the land to the New Mexico Lumber Company, which corporation afterwards, through Broad's permission and procurement, cut and carried it off. It amounted to about 400,000 feet of sawed lumber, valued at $800, and Broad and the company converted the proceeds to their own use. The

plaintiff then proceeded to state that the value of the land for the purposes of security or otherwise consisted almost wholly of the timber which stood on it, and that the destruction of the timber amounted to the absolute destruction of his security, and he sought to recover damages for its impairment, praying judgment for $800 and costs. Both defendants apparently demurred, and the demurrer was sustained, and Arnold appealed. In some way, which is not disclosed, the New Mexico company appear to have dropped out, for while they joined in the demurrer by consent, they do not appear afterwards to have contested the case or in any wise defended it. This is wholly unimportant, and whether they are in or out is of no consequence because Broad's demurrer presents the sole question to be determined.

This question is whether in this state the holder of a security may bring this kind of an action because of the destruction or impairment of his security. It is a question which has been much discussed in various states, and while generally the right has been maintained, and perhaps I might truthfully say universally so far as regards the authorities called to our attention, the doctrine has been put on various grounds. The one most generally relied on is that in case of a mortgage the mortgagee takes absolute title, and after maturity is the owner of the fee and therefore entitled to bring any suit necessary to protect his inheritance. This, however, is not the only principle relied on, because there are many cases where under the statutory or judicial determination of the mortgagee's rights, he has been held to have simply a lien or a security and no title, but he has nevertheless been permitted to bring actions of this sort on the general hypothesis that he may bring suit and recover damages wherever there has been an unlawful impairment of his security. The latter seems to be the logical and legitimate basis on which the doctrine ought to rest and it is one which cannot be successfully or easily attacked. The appellees rely entirely on the case of *The Pueblo & Arkansas Valley R. R. Co. v. Beshoar*, 8 Colo. 32. That was a suit brought for trespass for damage

to fences, crops and ditches by the construction of a railroad across the land.   The appellees claimed to be the owner by a deed from the holder of the title, and therefore having the right to maintain the suit.   The evidence showed, however, that the deed was simply a security with no intention to transfer the fee and with the right of defeasance, and the supreme court very properly held the ordinary action of trespass could not be maintained by Beshoar because he lacked the essential title.   The precise question involved here, however, has been antecedently before this court, and on consideration we have very broadly held that the owner of the security may maintain an action to recover damages for the impairment of it, although he has neither the possession nor the right to it. *Vaughn v. Grigsby*, 8 Colo. App. 373.   Not many cases were cited to the point in the opinion, but they are undoubtedly numerous.   *Van Pelt v. McGraw*, 4 N. Y. 110 ; *Smith v. Moore*, 11 N. H. 55 ; *Jackson v. Turrell*, 39 N. J. Law, 329 ; *Schalk v. Kingsley*, 42 N. J. Law, 32 ; *Searle v. Sawyer*, 127 Mass. 491 ; *Frothingham v. McKusick*, 24 Me. 403 ; *Choteau v. Boughten*, 100 Me. 406 ; *Dorr v. Dudderar*, 88 Ill. 107 ; *Robinson v. Russell et al.*, 24 Cal. 467 ; *Heath v. Haile*, 45 S. Car. 642 ; *Allison v. McCune*, 15 Ohio, 726.   The authorities might be multiplied but these suffice to show the general current of authority and are enough to uphold the court in restating and reannouncing the doctrine already declared.   It seems to us there is no doubt about the question, and if there was there ought not to be in the future.   It ought always to be true that the holder of a security even though without fee title should have the right to maintain any action essential to prevent the destruction or the impairment of it, especially in those cases where the party guilty of the impairment has knowledge of the outstanding incumbrance.

The appellee urges that the action ought not to have been brought prior to foreclosure because of the difficulty to ascertain the damages.   No authority is called to our attention on the point and we see no reason why the beneficiary should await foreclosure in order to bring suit.   It would not be true

in the case of an action begun to obtain an injunction and prevent waste, and we cannot see that any different rule should prevail in this sort of an action.   It is quite true there may be perhaps considerable difficulty in establishing the measure of damages, but that is a matter which does not concern the appellee, for the burden to prove what has been sustained and the difference between the value of the property as it now stands denuded of its timber and the limit of the incumbrance, is on the appellant, the holder of the security. He must prove to the satisfaction of the jury what those damages are and what the difference is.   If he fails it is for the benefit of the appellee.·  It is a matter susceptible of proof and the difficulty of it is no apparent bar to the maintenance of the suit.

We believe the court erred in sustaining the demurrer and the judgment therefore will be reversed and remanded for further proceedings.

*Reversed.*