Maxwell, J.
The first canse of action set forth in the amended complaint alleged that plaintiff in error was the owner of land lying under the Uncompahgre canal, which canal was owned, maintained and operated by defendant in error, as a carrier of water from the Uncompahgre river to the lands lying under it, including plaintiff’s land, and has an adjudicated water right priority of 481 cubic feet per second of time; that May 29, 1899, there was sufficient water in said river and said canal to furnish therefrom to plaintiff 20 statutory inches of water for its land; that for twelve years prior to that date, plaintiff and its grantors had obtained from the defendant and its grantors, 20 statutory inches of water each and every year for the irrigation of said lands; that at said date plaintiff had growing on said land, 40 acres of alfalfa, 5 acres sugar beets and a garden, and for said crops required 20 inches of water from said river through defendant’s canal, and on that date plaintiff tendered defendant $42.00 for the 20 statutory inches of water, being the public and fixed rate made by defendant for that quantity of water, at $2.10 per statutory inch; that defendant wrongfully and without cause refused to comply with plaintiff’s demand to grant such quantity of water or any water for the season of 1899, unless plaintiff would pay defendant certain arrearages for unpaid water contracts of plaintiff’s grantors; that the defendant with said excuse as its only pretext, with plenty of water in its cainal, allowed the same to go to waste and permitted plaintiff’s said crops to perish and caused *467 said ranch, to be thereby damaged in the sum of $1,000.00.
Here followed allegations which were stricken out on motion of defendant.
This ruling was excepted to by plaintiff and is assigned for error.
There was no error in this ruling, as the allegations stricken out added nothing to the cause of action stated, being simply a recital of the alleged motives of defendant in the action taken by it.
Prayer was for $1,000.00 damages and that plaintiff be entitled to receive water from said canal on payment of the regular rental, subject to prior rights, for general relief, etc.
The second cause of action alleged that January 1, 1899, plaintiff was the owner of the land described in the first cause of action with water rights in the Montrose canal, also known as the ITncompahgre canal; that on said date one Foster, for the rental of said land and right to rent water from the Mont-rose canal, executed and delivered to plaintiff his two promissory notes payable May 1 and November 1, 1899, for $50.00 and $75.00 respectively, and at the same time, to secure payment of said notes, executed a chattel mortgage to plaintiff on all crops to be grown on said land for the year 1899; that plaintiff and its grantors for ten years last past have been entitled to and have had from the defendant’s Mont-rose canal more than 20 statutory inches of water for the said lands at the usual, customary and regular rates, during each and all said years; that defendant was and is the owner of the Montrose canal with an adjudicated water right priority of 481 cubic feet, of water of the ITncompahgre river as a common carrier of water for the irrigation of lands lying under said canal, including plaintiff’s land; that its water rate for 1899 was $2.10 per statutory inch; *468 that said Poster and plaintiff, on May 29, 1899, tendered defendant $2.10 per statutory inch for water from said ditch and demanded said 20 statutory inches of water from said ditch for said land, but defendant refused and still refuses to furnish any water to said Poster and plaintiff and thereby caused the “40 acres of alfalfa, 5 acres sugar beets, a garden and all the crops on said land” to perish; thereby said security on said notes has perished and become destroyed by defendant, and said Foster is insolvent, and plaintiff is thus damaged $200.00.
Prayer for judgment for $200.00 and general relief.
A demurrer was interposed to both causes of action;- overruled as to the first and sustained as to the second.
Plaintiff electing to stand by his second cause of action the same was dismissed.
The ruling sustaining the demurrer to the second cause of action and dismissing it is assigned as error.
The grounds of demurrer to the second cause of action are:
1. That the second cause of action is inconsistent with the first cause of action in that it shows a right of action in another party.
2. That it does not state facts sufficient to constitute a cause of action.
1. In a complaint covering more than one cause of action each cause of action must contain in and of itself a full and complete statement of all facts sought to be stated, except where matters of mere inducement and not of the gravamen of the action have been stated in the first cause of action, they may be referred to in subsequent counts or causes of action.
Section 70, Mills’ Ann. Code, provides that:
“In all cases it shall be necessary to state sep *469 arately in the complaint the different causes for which action is brought.”
Otherwise expressed, each count or cause of action is as distinct, for all purposes, as if it were stated in a separate complaint.
In Spaulding v. Saltiel, 18 Colo. 86-88, it was said:
“Each count is supposed to contain a separate, cause of action, and an admission in one count cannot be used to destroy the statement of another cause of action in a separate count. ’ ’
It follows, that when attacked by separate demurrer each cause of action must be considered by itself, and not in connection with other causes of action stated, unless the cause of action attacked refers to other counts under the rule above stated.
Inconsistency is not one of the grounds of demurrer specified in our code. If separate causes of action stated are inconsistent, objection thereto must he taken by motion to require plaintiff to elect, and not by demurrer.
2. In Vaughn v. Grigsby, 8 Colo. App. 373; Fisk v. Bank, 14 Colo. App. 21; and Arnold v. Broad, 15 Colo. App. 389, this court has held that a mortgagee may maintain an action for damages for impairment or destruction of his security.
The cause of action attacked by this demurrer was evidently framed under the authorities above cited, and we think states sufficient facts to constitute a cause of action.
It is urged that the action was commenced prematurely, in that the second note covered by the chattel mortgage was not due at the time suit was commenced.
In Arnold v. Broad, supra, page 391, the court said:
“The appellee urges that the action ought not *470 to liave been brought prior to foreclosure because of the difficulty to ascertain the damages. No authority is called to our attention on the point and we see no reason why the beneficiary should await foreclosure in order to bring suit. It would not be true in the case of an action begun to obtain an injunction and prevent waste, and we cannot see that any different rule should prevail in this sort of an action. ’ ’
There was error in sustaining the demurrer to the second cause of action.
An answer put in issue the material allegations of the first cause of action alleged in the complaint, and set forth three special defenses, which need not be stated.
The trial was to a jury.
At the close of the testimony, defendant moved the court to instruct the jury to return a verdict for the defendant, which was done and judgment of dismissal rendered thereon.
Error is assigned upon this ruling.
This motion was upon the grounds, inter alia, that there was a variance between the allegations and proof, and that no evidence had been introduced to sustain the allegations of the complaint.
The evidence introduced as to damages sustained, all went to prove that the acts complained of had resulted in the depreciation of the' market value of the ranch, whereas the complaint sought to recover damages for the destruction of the crops.'
Plaintiff in error maintains, that the first cause of action is founded upon the theory of damage to the land, the freehold, the permanent stand of perennial vegetation, and this seems to have been the theory upon which the evidence was introduced.
Such may have been the theory in the mind of the pleader, but lie failed to manifest his theory by *471 apt averments in the pleadings which stated his cause of action, and by which he is bound.
There -was not only a variance, of which plaintiff was apprised by the motion for the instruction to the jury, of which advantage was not taken by appellee by application for leave to amend, but there was a failure of proof, which necessitated the granting of the motion.
Upon the evidence, as disclosed by this record, no verdict rendered by the jury could have been sustained.
There was no error in the instruction to return a verdict for the defendant.
The judgment upon the first cause of action will be affirmed.
The judgment sustaining the demurrer to the Second cause of action and dismissing it, will be reversed, and the cause remanded, each party to pay its costs in this court. Reversed.