Vandemal *v.* Dougherty.

*Appeal from St. Louis Circuit Court.*

*T. B. Hudson,* for appellant.
*J. A. Kasson,* for respondents.

---

VANDEMAL, Respondent, *vs.* DOUGHERTY, Appellant.

1. A. employed B. to effect a sale of a tract of land. B. sold the land to C. and C. executed his notes to A. for the purchase money, the first of which was for $400. A. then executed his note to B., payable when the $400 note from C. should be paid. When C.'s note became due, A. brought a suit

upon it and attached C.'s property. Afterwards, upon C.'s paying $200, A. compromised the suit, and rescinded the sale of the land. *Held*, this was such a payment of C.'s note as entitled B. to recover on the note given to him by A.

## *Appeal from Law Commissioner's Court.*

*A. H. Buckner*, for appellant. Before plaintiff had any right to his money, the $400 note must have been paid. A compromise or amicable adjustment cannot be termed a *payment*. Bouvier's Law Dict. tit. "payment." The sale by the trustees and the purchase by defendant of the land was not equivalent to a payment. It was not the intention of the parties, nor is it a fair construction of the agreement, that Vandemal and Vien should be entitled to their commission, when in fact no sale was made and the land remained the defendant's. It was not the fault of the defendant that the $400 note was not paid. He did what, as between him and the plaintiff, he was not required to do—instituted an attachment suit before the note was due to secure it. He found that the property attached would not secure his debt, and that he could not sustain his attachment, and he therefore compromises the matter with his debtor. But still anxious to dispose of the land, he incurs the expense of advertising and offering it at public sale, and becomes the purchaser. He has made extraordinary efforts to realize the amount of the note and has failed, not by any laches of his, but from the worthlessness of the plaintiff's purchaser, and he ought not to be the sufferer.

*J. Bruce Thompson*, for respondent. If a person promise to pay a sum of money when he shall collect his demands of another, the promise may be enforced as absolute if it appear that he has not used due diligence to collect his demands, or none at all. 5 Pick. 425, cited in note to Chitty on Contracts, p. 470.

SCOTT, Judge, delivered the opinion of the court.

Vandemal sued Dougherty in a justice's court, on an instrument, of which the following is a copy : "I bind myself

Vandemal v. Dougherty.

to pay to Ferdinand Vandemal and J. S. Vien, the sum of one hundred and fifty dollars each, as soon as the note taken by me for the sum of four hundred dollars from G. V. L. Busé, is paid to me, being the first payment on my farm sold to V. L. Busé, and in default of the payment of said note, this is to be null and void and delivered up to said Dougherty without cost or expense to him.

"J. S. DOUGHERTY."

After a trial in the justice's court, the cause was taken by appeal to the court of the law commissioner, where, on a trial *de novo*, a judgment was rendered for Vandemal, from which Dougherty appealed to this court.

Dougherty employed Vandemal to sell a tract of land for him. The note above was given to Vandemal and Vien as a compensation for that service. Dougherty agreed to take $2,100 for his land, and promised Vandemal and Vien that they might have all that they could get above that sum. The land was sold to Busé for $2,400, for which he executed his notes, secured by a deed of trust on the estate he purchased. A suit by attachment was begun for the recovery of the amount of the note referred to in the undertaking of Dougherty above copied. Property worth from two to four hundred dollars was levied on by virtue of the attachment. This suit was afterwards compromised between Dougherty and Busé. The land was sold under the deed of trust, and Dougherty bidding two thousand dollars for the same, was declared the purchaser. The terms of the compromise were, that Dougherty should dismiss his suit, pay half the costs and receive two hundred dollars in cash. Busé was to re-convey the land to Dougherty and give a release for all damages incurred by reason of suing out the attachment. All the notes executed by Busé for the land, were to be surrendered. Neither Vandemal nor Vien was consulted in relation to the compromise.

The court gave the following instructions for the plaintiff:

1. The court is requested to instruct, that a possession of

.note by the payor, after delivery for value received to the payee, is *prima facie* evidence of payment by the payor.

2. That an agreement to deliver up a note, upon the receipt of a consideration, is, upon the receipt of such consideration, payment, whether the note is delivered to the payor or held by the payee.

Also, for the defendant, the court gave the following :

1. To constitute payment of a note, money or cash must be taken or received, or something in lieu thereof must be accepted in discharge and satisfaction.

2. If the defendant agreed to pay V. and Vien the sum of $150 each, so soon as a third party should pay him the sum of $400, and said sum of $400 has not been paid, plaintiff cannot recover.

3. That the suit by attachment of Dougherty v. Busé was no obstacle to the payment of said note at its maturity by said Busé.

The court refused to give the following, asked by defendant :

1. If the defendant agreed with plaintiff that he would pay plaintiff and one Vien $300, in consideration that they would find a purchaser for a tract of land of defendant, and that said sum of money was not to be paid unless the note for the first payment for said land was paid, and that before said note became due defendant instituted a suit by attachment against the maker of said note, and that, after the maturity of said note, the same being unpaid, defendant, finding that said suit by attachment could not be sustained; that he and the maker of said note and defendant in said attachment suit agreed to a compromise with the said Dougherty and to be paid $200, and their said contract for the sale and purchase of said land to be cancelled ; that this compromise was no payment of the $400 note, and a verdict must be rendered for defendant.

2. That the purchase by defendant of the land conveyed by Busé to secure the payment of the notes given for the purchase money at the trust sale, made in compliance with the deed of

trust executed by said Busé, does not constitute a payment of said note.

1. The payment of the note sued on depended on the happening of a contingent event, and as it did not occur in consequence of the act of Dougherty, for aught we can see, we do not perceive the principle on which he can now resist its payment. Although Busé was anxious to rescind the contract made for the purchase of Dougherty's land, yet it does not appear that he was unable to comply with it, had its performance been insisted on by Dougherty. Vandemal had done every thing required to entitle him to his compensation, and Dougherty, in taking Busé's notes and a deed of trust on the land sold, ratified his act. After all this, Dougherty, by his own act, without consulting Vandemal, rescinds the sale made by him, and thereby prevents a recovery of the money on whose payment Vandemal was entitled to a compensation for his services. We can see no principle on which Dougherty can be released from the payment of his note. By reason of the contract made for him by Vandemal, he received two hundred dollars, which were paid by Busé, in order to obtain a rescision of the contract. In the case of *Horford* v. *Wilson*, the defendant promised to pay the plaintiff five pounds if he would provide a tenant for certain premises, and get him £350 for his lease. The plaintiff found a tenant with whom the defendant entered into an agreement, and received £50 as a deposit. The tenant being unable to complete his engagement, the defendant afterwards consented to release him from the further performance of it, but retained the £50. It was held, that this was a substantial performance of the condition on the part of the plaintiff, and that he was, therefore, entitled to recover the £5 from the defendant. 1 Taun. 12. Judge Chambre, in delivering his opinion, says, " the defendant, if he had thought proper, might have rejected the tenant. He did not do so, and the plaintiff must, therefore, be considered as having fulfilled his part of the agreement."

The other Judges concurring, the judgment will be affirmed.