Smith *v.* Newland.

----

## SMITH *v.* NEWLAND.

(April Term, 1865.)

1. EXCEPTIONS AND BILLS OF EXCEPTIONS *not necessary in chancery.* The rules of chancery practice do not require that exceptions should be taken to the various decisions of the court made in the progress of the cause. The entire proceedings are matter of record, and are all subject to review in the Supreme Court without the taking of technical exceptions.

2. If a deposition taken in a chancery cause is suppressed, and the party against whom such order is made desires to bring the record to this court, for the purpose of taking its opinion as to the propriety of such order, and as to the effect of the deposition, if such order was erroneous, he has a right to have such order incorporated in the record. Although suppressed at the hearing, it remains a part of the proceedings in the cause, together with the order suppressing it.

Smith *v.* Newland.

3. SAME — *construction of the practice act in that regard.* The twenty-first section of the practice act, relating to the taking of exceptions during the progress of the trial of any civil cause, applies only to the common law side of the court.

4. SAME — *the rule not changed by the act allowing oral testimony in chancery.* Evidence in chancery, taken by deposition, or by a master's report, are as much a part of the record, since the passage of the act allowing oral testimony in chancery, as prior thereto.

5. BILLS OF EXCEPTIONS *as a means of preserving oral evidence in chancery.* Bills of exceptions have been mentioned as one of the modes by which oral testimony in chancery may be preserved, but without intending to intimate that they are to be introduced into chancery practice for any other purpose. But a certificate of evidence, signed by the judge, is, as a matter of form, preferable to a bill of exceptions for that purpose.

THIS was a writ of error to reverse a decree in chancery, a deposition, which was suppressed on the hearing in the court below, having been copied into the transcript of the record, a motion was made in this court to strike that deposition from the record. The question is presented, whether the deposition, notwithstanding its suppression, did not still remain a part of the record, and herein, of the necessity or propriety of the use of bills of exceptions in chancery practice.

Per CURIAM: This is a motion to strike from the record the deposition of a witness. It was suppressed on the hearing in the court below. This order of the court is assigned for error; but, inasmuch as the deposition is merely copied into the record by the clerk, without being preserved in a bill of exceptions, and inasmuch as no exception was taken to the ruling of the court below suppressing it, it is urged that the deposition is improperly in the record. The proceeding however was in chancery. The rules of chancery practice do not require that exceptions should be taken to the various decisions of the court made in the progress of the cause. The entire proceedings are matter of record, and are all subject to review in this court without the taking of technical exceptions. The twenty-first section of the practice act has been always understood to apply only to the common law side of the court.

There seems to be some misapprehension as to what the court has said in various cases in regard to the preservation of the evidence by bills of exceptions in chancery proceedings. We have merely mentioned them as one of the modes by which the oral testimony may be preserved since the passage of the law allowing such evidence, without intending to intimate that they are to be introduced into chancery practice for any other purpose, or with a view of alleging exceptions to the rulings of the court. Indeed a certificate of evidence signed by the judge is, as a matter of form, preferable to a bill of exceptions, because more in harmony with chancery practice. But. when the evidence is presented by a deposition or by a master's report, they are as much a part .of the record as before the passage of the law above named. If a certificate of evidence is taken it need contain only the oral testimony. The depositions or the master's report will properly come to this court with the record, and as a part of it, without being incorporated into the certificate of evidence signed by the judge, or the bill of exceptions, if the oral evidence is preserved in that mode. If a deposition is suppressed and the party against whom such order is made desires to bring the record to this court for the purpose of taking its opinion as to the propriety of such order, and as to the effect of the deposition, if such order was erroneous, he has a right to have such deposition incorporated into the record. Although suppressed at the hearing, it remains a part of the proceedings in the cause, together with the order suppressing it. *Maccabe* v. *Hussey*, 5 Bligh. 758 ; 1st Sect. of Chancery Act, R. S. 93.