Leonard vs. Warriner.

---

## LEONARD VS. WARRINER.

*Bill of Exceptions must be signed by Judge.*

A paper purporting to be a bill of exceptions, settled by stipulation of the attorneys of the respective parties, but not signed by the judge of the court in which the action was tried, cannot be considered by this court.

APPEAL from the Circuit Court for *Green Lake* County.

DOWNER, J.   There is no bill of exceptions in this case. There is what the attorneys for the respective parties have stipulated should be a bill of exceptions, and of the same force and effect as if settled and signed by the circuit judge; but it is not signed by the judge.   Section 12, ch. 264, Laws of 1860, requires bills of exceptions to be signed by the judge.   We cannot permit the stipulation of the attorneys to take the place of, or do away with the necessity of, such signing by the judge. They might stipulate into the record, if this was permitted, rulings or instructions that were never made or given, and which would make the circuit judge appear ridiculous.   If this practice were allowed, attorneys might send up to this court for decision, questions never raised in the court below, and even cases to which the attention of the circuit court was never called. The supposed bill of exceptions is no part of the record : and as, excluding it, there is no error apparent, the judgment of the court below must be affirmed.

*By the Court.*—Judgment affirmed, with costs.