## CITY OF DENVER v. CAPELLI.

A bill of exceptions must be signed and sealed before it can become a part of the record, and the parties cannot by any stipulation dispense with the signature and seal; the statute (§ 21, p. 508, R, S ) is mandatory.

### Error to Probate Court of Arapahoe County.

Messrs. PATTERSON & CAMPBELL, for defendant in error; now moved to strike the bill of exceptions from the record, and for the reasons stated in the opinion, the motion was allowed.

THATCHER, C. J.   The twenty-first section of our Practice Act requires that a bill of· exceptions must be signed 'and sealed before it can become a part of the record.   The statute is mandatory.   It is a perfectly well-established doctrine that unless a bill of exceptions be·authenticated as required by law by the signature and seal of the judge by whom it was settled, it is no part of the · record.   *Jones* v. *Sprague*, 2 Scam. 55; *Reeves* v. *Reeves*, 54 Ill. 332; *Eastes* v. *Daubenspeck*, 4 Ind. 617; *Law* v. *Nelson*, 8 Cow. 746; *Tweedy* v. *Commonwealth*, 2 Metc. (Ky.) 379; *Haden* v. *Brown*, 22 Ala. 572; *Danah et al.* v. *Steamboat* " *Lightfoot*," 17 Mo. 277.   This court must know, in the manner prescribed by law, that what purports to be a bill of exceptions is in fact such, before it can be considered.   To adopt any other rule would be hazardous.   It would open the door to a dangerous practice.   Parties might stipulate contrary to the fact, that evidence was adduced at the trial in the court below, and questions were there raised and decided, and thus the appellate tribunal might be called upon to act, not as a court of review, but to pass upon, for the first time, questions which, in order to entitle them to be considered here, must have been presented in the inferior court.

But it is argued, that as a joinder in error has been filed, the defendant in error has thereby, in effect, stipulated to

waive the statutory requirement of the judge's signature and seal to the bill of exceptions, and that it is now too late to move to strike it from the record.   Even if the joinder in error be treated as such a stipulation (a question not now necessary to determine), it follows from what we have before said that it could not avail the plaintiff in error. So essential to the validity of a bill of exceptions are the signature and seal of the judge, that the parties cannot, by the most solemn agreement, dispense with them.   The court will not, even by consent, take jurisdiction of a record not authenticated according to law.   *Coburn* v. *Murray*, 2 Me. 309; *Hodgeden* v. *Commissioners of Ellsworth County*, 10 Kan. 638; *Leonard* v. *Warriner*, 20 Wis. 41.

Following in the wake of these decisions, which rest upon sound principle, this court cannot adopt a practice which might involve in its consequences such a clear departure, in the exercise of its jurisdiction, from the evident purpose of its organization.   The motion to expunge the bill of exceptions must be allowed.

*Motion allowed.*