## WILLOUGHBY v. BROWN.

1. Section 340 of the Code leaves it optional with the party seeking an appeal to prepare and file "a statement on appeal," yet in the absence of the statutory statement the appellant can only rely upon errors apparent upon the face of the judgment roll.

2. A notice of appeal served upon the attorney of the opposite party and five minutes later filed in the office of the clerk; *held,* to be substantially cotemporaneous, and a compliance with the requirement of the Code in this particular.

3. Where an appeal is dismissed "without prejudice" by this court, the appellant is not precluded from taking another appeal within the statutory period.

4. Where an undertaking on appeal is properly entitled of the cause, reference may be had in the recital to the title to designate the obligee.

*Appeal from  District  Court  of  Arapahoe  County.*

Messrs. FRANCE & ROGERS, for appellee, now moved to dismiss the appeal.

Messrs. SYMES & DECKER, *contra.*

*Per Curiam.* It is insisted that, in the absence of such a statement as is contemplated by section 340 of the Code, no appeal can be taken. If this objection is valid, it is urged in apt time. The appellee confines his motion to the dismissal of the appeal, and limits his appearance accordingly.

The section of the Code just mentioned is as follows: " When the party who has a right to appeal *wishes* a statement of the evidence and exceptions saved of the case to be annexed to the record of the judgment or order, he shall within twenty days after the entry of such judgment or order, or within such further time as the court or judge thereof may grant, prepare such statement, which shall state specifically the particular errors or grounds upon which he intends to rely on the appeal, and shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified, and file the same with the clerk of the court, and give notice to the opposite party or his attorneys of such filing."

The statement contemplated by this section takes the place of a bill of exceptions under our former system of practice, but it is more comprehensive. It performs an office unknown to the bill of exceptions. In the statement must be set forth the errors upon which therein the appellant intends to rely. But the appellant is not bound to prepare a statement. The language of the section makes it optional. Yet in the absence of the statutory statement he can rely only upon errors apparent upon the face of the judgment roll.

The appeal will not, therefore, be dismissed for the failure of the appellant to file his statement.

In *Jones* v. *City of Petaluma,* 36 Cal. 232, the court says: " In reply to the suggestion of the respondents, that the appeal ought not to be entertained, because there is no statement of the grounds upon which the appel-

lants rely for a reversal, it is sufficient to say that the grounds appear upon the judgment roll, and that where such is the case, no statement is required." In the case of *Hutton* v. *Reed*, 25 Cal. 478, the court held, if appended to the judgment roll there is what purports to be a statement which fails to set out the errors relied on for reversal, and the appellee interposes his objection in apt time, such statement will be disregarded, and only such errors as are apparent upon the judgment roll will be considered. See, also, *Solomon* v. *Reese*, 34 Cal. 34; *Brown* v. *Heacock*, 9 How. Pr. 345; *Conolly* v. *Conolly*, 16 id. 228; *Rankin* v. *Pine*, 4 Abbott's Pr. 310

The record discloses that the notice of appeal was served upon Willoughby's attorneys on the 16th day of April, A. D. 1878, at 9:50 A. M., and that service having been accepted by them, the notice was filed in the clerk's office five minutes later. It is urged this is error; that the notice of appeal should not have been served until after it was filed.

In the case of *McGoughy* v. *Alvord*, decided this term, this court held that the filing of the notice of appeal must either precede or be cotemporaneous with the service thereof. The filing and service of notice in the case under consideration were substantially cotemporaneous. To declare that when the service of the notice precedes its filing *only five minutes*, the acts are not cotemporaneous, is to indulge in an unwarranted refinement. Except for the purpose of guarding against injustice, the court will not, as a general rule, inquire into the fractions of a day. *Blydenburgh* v. *Cotheal*, 4 N. Y. 418; *Bliss* v. *Kingdon*, 46 Cal. 651.

It is insisted that as an appeal was taken to this court from the same judgment, and dismissed upon appellant's own motion, that the effect of such dismissal was to affirm the judgment of the lower court.

This position is, we think, not tenable. The judgment of this court was, that the appeal be dismissed "without preju-

dice.'' The effect of such a dismissal cannot be to preclude the appellant from taking another appeal within the statutory period.

It is objected that the undertaking is defective, in that it departs from the usual common-law form in failing to name the obligee. The cause is properly entitled. The undertaking, by its recitals, if reference be had to the title of the cause, designated the obligee. The obligors jointly and severally undertake and promise on the part of the appellant that he will pay all damages and costs which may be awarded against him on the appeal. Who the obligee is, sufficiently appears. The form of the undertaking in this respect accords with Code precedents. 3 Estee's Pleadings and Forms, 667.

The motion to dismiss the appeal will be denied.

*Motion denied.*