De La Mar et al. v. Hurd.

1. A bill of exceptions, to be considered, must be signed and sealed by the judge.

2. Faults in pleading are, in some cases, aided by pleading over. Thus in a complaint for wrongful detainer, which showed privity between the plaintiff and one defendant only, and the defendants, husband and wife, filed a joint and several answer, the husband alleging no separate right in himself, but defending his possession by allegations of his wife's right, *held*, that the husband, though not a party to the original contract, had, by his answer, put himself in the position of a privy for the purposes of the action.

*Error to Probate Court of Clear Creek County.*

The case is stated in the opinion.

Mr. Frank De La Mar, for plaintiffs in error.

Mr. W. S. Rockwell and Mr. L. C. Rockwell, for defendant in error.

Elbert, J.   This is an action of wrongful detainer under section 3 of the act concerning forcible entry and detainer. R. S., p. 332.

What purports to be a bill of exceptions is neither signed nor sealed by the judge, and cannot be considered.

Under the assignments it only remains to consider the sufficiency of the complaint.

To the complaint it is objected, that, while it shows privity between the plaintiff and the defendant, Fannie A. De La Mar, it shows no privity between the plaintiff and the defendant, Frank De La Mar, her husband.

The defendants appeared in the action and filed a joint and several answer.   The defendant, Frank De La Mar, alleged no separate or distinct right or title in himself, but defended his possession by allegations of the right and title of his wife, Fannie A. De La Mar.

If it be conceded that privity between the plaintiff and defendant is essential to the maintenance of an action under this section, we are of the opinion that the privity of one of the defendants will support it where the co-defendant claims in right of the defendant that is privy.   Though not privy to the original contract between the parties, he, by his answer, puts himself in a position of a privy for the purposes of the action.

The answer in this respect aided the complaint, and taken in connection therewith, entitled the plaintiff to judgment upon proper evidence.   Gould's Plead., p. 154, § 192.

The judgment of the court below is

*Affirmed.*