6    82
6   579
8   110
8   591

6    82
1a  386

6    82
21  325

6    82
10a 439

6    82
17a 257
17a 265

## BLATCHLEY ET AL. V. COLES.

1. The code abolished all distinctions between legal and equitable actions, and substituted therefor the one action by complaint. For our common law practice and our chancery practice it substituted a code procedure.

2. Equity practice, *eo nomine*, no longer exists, and can no longer be appealed to, except, perhaps, in matters upon which the code is silent.

3. Evidence taken before a referee in a chancery cause is not of record unless preserved by a bill of exceptions.

*Appeal from District Court of Lake County.*

THIS was a motion to strike the supplemental transcript from the files.

Messrs. MURPHY and FISHBACK, for the motion.

Mr. H. P. BENNET, *contra*.

ELBERT, C. J.    The pleadings in this case show issues both legal and equitable. There was an order of reference. The evidence was taken by the referee, and reported to the court, together with his findings of fact and law.

This report and evidence appears in both the original and supplemental transcripts of the record on file. In the former it is treated as properly a part of the record; in the latter it is preserved by bill of exceptions.

The motion raises the question of the necessity, under the code practice, of a bill of exceptions in such a case.

The office of a bill of exceptions is to preserve matter *dehors* the record, and thereby make it part of the record.

Under our former practice, a bill of exceptions was neither necessary or proper in a chancery cause, for the reason that the entire proceeding was supposed to be written and of record. *Ferris v. McClure*, 40 Ill. 99; *Smith v. Newland*, 40 Ill. 100; *Mason et al. v. Blair*, 33 Ill. 194.

The code abolished all distictions between legal and equitable actions, and substituted therefor the one action by complaint.

For our common law practice and our chancery practice it substituted a code procedure.

Undoubtedly the rules and principles of equity jurisprudence still obtain and apply in the adjudication of causes in their nature equitable, but equity practice, *eo nomine*, no longer exists, and can no longer be appealed to, except, perhaps, in matters upon which the code is silent.

As originally adopted, the code provided for a "statement of the evidence and exceptions saved," to be signed and certified by the judge. Sec. 340 *et seq.* Code.

This statement took the place of the bill of exceptions under our former system of practice (*Willoughby v. Brown*, 4 Col. 120), and the provision for it was general in its application to all causes under the code, whether of a legal or equitable nature.

It is true that the duties and powers of a referee, and his relation to the court, as prescribed by the code, were substantially those of a master in chancery, but there was nowhere any provision that his report containing the evidence should constitute part of the record.

On the other hand, by the enumeration in section 210 of what shall constitute the judgment roll, it must be taken as excluded on the familiar maxim, *expressio unius est exclusio alterius.*

We think it clear that, under the provisions of the code as originally adopted, the evidence taken before a referee in a chancery cause was not matter of record, and, if parties desired to bring it before this court for review, it was necessary to embody it in the statement provided for in section 340.

We have been unable to find any provision that would authorize a different conclusion.

It therefore only remains to consider whether the legislation of 1879 made any change in this respect.

Section 210, declaring what should constitute the judgment roll, and section 340, providing for a "statement of the evidence and exceptions saved," were repealed.

In lieu of the section 210 the legislature gave us nothing, and the record, we take it, stands as at common law.

In lieu of section 240 we have section 23 (code amendments), which provides for the preservation of matter *dehors* the record by a bill of exceptions. We do not see that this section effects any change except in the mode and manner of preserving exceptions, and making them part of the record. It is equally applicable to all cases, whether of a legal or equitable nature, as was the repealed section 340.

The evidence taken before the referee in a chancery cause is still matter not of the record; there is no additional provision of the code that recognizes it as otherwise; there is no restored chancery practice that recognizes it as otherwise; and it is just as necessary that it be preserved by a bill of exceptions, as before the repeal it was necessary to preserve it in the "statement."

It is true that section 23 is taken from the Revised Statutes, and that under the practice as it then existed it was held not to apply to causes on the chancery side of the court *(Smith v. Newland,* 40 Ill. 100); but under the code no such distinction can be taken, because no such distinction exists. Under this view, the evidence in this cause was properly preserved by bill of exceptions, and the motion to strike the supplemental record from the files is denied.

*Motion denied.*