## MARSHALL SILVER MINING COMPANY ET AL. V. KIRTLEY ET AL.

1. Evidence, instructions and exceptions taken during the trial must be incorporated into the record by a bill of exceptions, and this is true in chancery suits as well as at law.
2. The statute requiring the judge's seal to be attached to a bill of exceptions is mandatory, and the omission of such seal is fatal, and cannot be waived even by stipulation of the parties.

*Appeal from District Court of Clear Creek County.*

THE facts are stated in the opinion.

Messrs. MORRISON and FILLIUS and Messrs. WELLS, SMITH and MACON, for appellants.

Mr. L. C. ROCKWELL, for appellees.

HELM, J.   This action was brought by appellees against appellants, to compel the recognition of a constructive trust in two certain mining claims; and to secure a conveyance to the appellees in accordance therewith.   Counsel for appellants concisely state the gravamen of the action in the following language: This is " a suit for the recovery of a title to the Princess and Green Mountain lodes, upon the claim of title in Linn, based upon his assertion of an equity in the Colorado Central lode, which equity attached to the proceeds of the latter property, and which proceeds are claimed to have been invested in the Princess and Green Mountain lodes by the trustee, and thereby converted into realty."

It will thus be seen that this case grew out of the same original transaction as the case of *Hall v. Linn, post,* just decided.   The material issues tried, with a single exception, were the same in both.   The questions presented upon this appeal are largely identical with those there considered, and counsel stipulated that the two cases should be taken up and decided together.   In so far as errors assigned bring before us similar questions of law, the opinion in that case applies to this; and a repetition of the argument is unnecessary.

The issue here presented which was not tried in the case of *Hall v. Linn* is, as to whether or not, prior to the purchase of the lodes in controversy, the Marshall company had notice of the equities of Linn or his grantors in connection therewith.   Aside from the error predicated on the jury's findings upon this issue, the following matters are also here presented, viz.: Error in receiving and in rejecting evidence; error in the giving and refusing of instructions; and error in sustaining the findings of the

jury; that the same are contrary to the evidence, and are against the weight thereof.

Each of these objections rests upon matters *dehors* the record proper. Evidence, instructions and exceptions taken during the trial must be incorporated into the record by bill; and this is true in chancery suits as well as in actions at law. *Blatchley et al. v. Coles*, 6 Colo. 82.

That which purports to be a bill of exceptions in this transcript was not *sealed* by the district judge. That the attaching of this seal is mandatory, and its omission fatal, is a proposition *res judicata* in Colorado. The failure to move to strike out is not a waiver of the defect; it cannot be waived, even by stipulation of the parties. This bill of exceptions, therefore, cannot be considered a part of the record. *City of Denver v. Capelli*, 3 Colo. 235; *Hurd v. De Lamar*, 4 Colo. 442.

Section 412, Code of Civil Procedure, under which this proceeding took place, is a re-enactment of the provision in the Revised Statutes existing when *Denver v. Capelli, supra*, was decided.

A paper, purporting to be an order of the district court, allowing an amendment of the record to cure this defect, has been deposited with the clerk of this court. But no order was ever here asked or obtained authorizing the same to be filed, or to be made a part of the transcript before us.

For the reason that there is no bill of exceptions, we are precluded from investigating the questions presented under the assignments of error above specifically enumerated. The decree is

*Affirmed.*