## JEROME v. BOHM.

1. APPELLATE PRACTICE—EXCEPTIONS.

In the absence of an exception to the final judgment, the probative force of the testimony will not be considered. This rule is applicable as well to equity cases as to others.

2. TRUSTS.

Where a person occupying a fiduciary relation to the owner of real estate takes advantage of the confidence reposed in him by virtue of such relation to acquire an absolute conveyance thereof, without consideration, through a verbal agreement, which he promises to reduce to writing,—as, for example, that the land conveyed to him was to be held in trust for some legitimate purpose,—a refusal to reduce the verbal agreement to writing, or to reconvey the land to the real owner, is such an abuse of confidence as to vest a court of equity with jurisdiction to inquire thoroughly into the entire transaction, and to set aside the conveyance, or administer other proper relief.

3. EVIDENCE—TESTIMONY OF DECEASED WITNESS.

The testimony by a witness at a former trial, who has since died, given before a court having jurisdiction of the parties and power to administer oaths, may be introduced in evidence at a subsequent trial.

4. WITNESSES, COMPETENCY OF.

While the statute provides that no party to a civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, when any adverse party sues or defends as executor, unless when called as a witness by such adverse party, the calling of such a witness by the adverse party makes him competent for all purposes.

5. PLEADING—REPLICATION—WAIVER.

Although a defense may not have been denied by the replication, yet if the defendant treats the defense as though it had been contro-

verted, introduces evidence in support thereof and submits the issue to be determined as one of fact, it is too late to raise the objection for the first time on appeal that there was no issue to try.

*Appeal from the District Court of Arapahoe County.*

THIS is a suit brought by Magdalena Bohm against John L. Jerome, executor of the last will of Mary Bohm, deceased, and other to enforce a trust. For cause of action plaintiff alleges ali, that on the 4th day of January, 1878, she was the owner in fee of the following described premises, situate in Arapahoe county, Colorado, to wit : The north half of the southeast quarter of section 14, township 4 south, of range 68 west; that this land was incumbered by certain deeds.

" That at the date aforesaid, to wit, January 4, 1878, the plaintiff entered into a parol agreement with Charles Bohm, her son, now deceased, whereby the said Charles Bohm, in consideration of the conveyance to him of the premises aforesaid, agreed to take said property and sell and dispose of such portions thereof as might be necessary to pay off said incumbrances from time to time, as might be necessary for the protection of said property from sacrifice, and, when said indebtedness was fully paid off, to execute and deliver to the plaintiff a good and sufficient deed for the undivided one third of such portions of said premises as might then remain undisposed of, and it was at the same time agreed between plaintiff and the said Charles Bohm that the said agreement should be reduced to writing and signed by said Charles Bohm and delivered to the plaintiff to evidence the trust of said Charles Bohm in the premises in favor of the plaintiff, but that no particular time was specified at which the same should be done, and the execution thereof was from time to time postponed until the time of his death, as hereinafter stated, and was never done.

" That, under and by virtue of the agreement aforesaid, the plaintiff did, on the 4th day of January, 1878, execute and

deliver to the said Charles Bohm, a warranty deed to the said premises.

" That, as plaintiff is informed and believes, said incum-brances have now been fully paid off and discharged, and she is of right entitled to a conveyance of the undivided one third of the remaining portion of said premises, as hereinafter more particularly described."

That Charles Bohm caused said premises to be platted into blocks, and on the 15th day of December, 1883, he con-veyed to Mary Bohm, his wife, certain blocks; that Mary Bohm had full knowledge of the agreement between the plaintiff and Charles Bohm at the time of said conveyance, and the same were conveyed to her without any valuable consideration; that on the 17th day of April, 1885, Charles Bohm died; that on the 7th day of March, 1887, the said Mary Bohm died, leaving all her rights and interest in the property by will to her stepdaughter, Mary M. Bohm, the minor child of Charles Bohm; that the defendant, J. L. Je-rome, is the executor of the will, and as said executor he sold and conveyed to Richard Cline certain of the blocks, and sold certain other blocks, for the sum of $8,000, which amount is still in his hands. Defendant answered by general denial, and pleaded *res adjudicata* and the statute of limitations.

Upon the trial of the cause, October 20, 1891, the court found the issues joined in favor of plaintiff and against the defendant Jerome, as executor, etc., to the extent of one third of the interest in the net proceeds derived from the sale of the property in controversy, and directed an accounting between said parties; to which finding of the court said de-fendant Jerome duly excepted.

Afterwards, and on November 30, 1891, final decree was entered upon an accounting had by the court, wherein it was decreed that the plaintiff recover against the defendant Jerome, as executor of the estate of Mary Bohm, deceased, the sum of $5,208.90, etc. The evidence produced by the parties upon the accounting is not preserved by a bill of ex-

ceptions, nor was any exception taken to the final decree. The defendant Jerome brings the case here on appeal.

Messrs. ROGERS & STAIR and Mr. JOHN L. JEROME, for appellant.

Messrs. KEELER & SALES and Messrs. FELKER & DAYTON, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

Many of the numerous errors assigned involve a review of the judgment upon the evidence. Under the well established practice of this court, no exception having been saved to the final judgment, we are precluded from considering the testimony, either as to its probative force to support the alleged trust, or its sufficiency to sustain the defense of *res adjudicata*, or the statute of limitations. *Patton v. The Coen & Ten Broeke C. M. Co.*, 3 Colo. 265; *Rocky Mountain Nat. Bank v. McCaskill*, 16 Colo. 408; *Law v. Brinker*, 6 Colo. 555; *Hochmark v. Richler*, 16 Colo. 263; *Wray v. Carpenter*, 16 Colo. 271; *Burnell v. Wachtel*, 4 Colo. App. 556.

The contention of counsel for appellant, that this rule is not applicable to equity cases, is answered by several decisions of this court. Among others, see *Marshall Silver Mining Co. v. Kirtley*, 8 Colo. 108; *Blatchley v. Coles*, 6 Colo. 82; *Rocky Mountain Nat. Bank v. McCaskill, supra.*

It remains only to consider those assignments predicated upon exceptions, duly reserved upon the trial, to the admission of evidence, and we are enabled to do this only by indulging in perhaps the unwarrantable assumption that the evidence introduced upon the accounting and not preserved by the bill of exceptions, could not, in its very nature, qualify or affect the evidence so admitted upon the trial of the main issues. These assignments of error challenge, *first,* the admissibility of any proof under the complaint, because the alleged trust was void under the statute of frauds. Over

the objection of defendant, the deed of plaintiff to Charles Bohm, and other conveyances of title to the property in controversy, were introduced in evidence ; and the testimony of Ferdinand Bohm, a deceased witness, given upon the trial of the suit in the superior court of Denver, between the testatrix, Mary Bohm, and the appellee, Magdalena Bohm, was admitted, and Herman Bohm allowed to testify to the parol agreement alleged in the complaint.

The admissibility of this evidence we do not regard as an open question.   This court, in the case of *Bohm v. Bohm*, 9 Colo. 100, in discussing the counterclaim filed in that case by Magdalena Bohm, the plaintiff here, and which stated in substance the trust set forth in her complaint herein, used the following language :

" * * * Where a person occupying a fiduciary relation to the owner of real estate takes advantage of the confidence reposed in him by virtue of such relation to acquire an absolute conveyance thereof, without consideration, through a verbal agreement, which he promises to reduce to writing ; as, for example, that the land conveyed to him is to be held in trust for some legitimate purpose.   A refusal, under such circumstances, to reduce the verbal agreement to writing, or to reconvey the land to the real owner, is such an abuse of confidence as to vest a court of equity with jurisdiction to inquire thoroughly into the entire transaction, and to set aside the conveyance, or administer other proper relief."

Even if the doctrine thus announced is not to be taken as the " law of the case," we adopt it as a correct enunciation of the rule applicable to trusts of this character.

*Second,* the admissibility of the testimony of Ferdinand Bohm is further challenged because plaintiff, by averring in her replication, and contending upon the trial of the cause, that the superior court had no jurisdiction of the subject-matter of that suit, is estopped from claiming that the evidence of said witness was given under the sanctity of an oath.

It by no means follows that if the superior court was with-

out jurisdiction of the subject-matter of the controversy in that suit, and without power to grant the ultimate relief sought (a question not presented by this record), that it also lacked the authority, having obtained jurisdiction of the parties, to compel the attendance of witnesses and to legally administer oaths for the purpose of elucidating the truth of the facts involved in the controversy, and upon which even its jurisdiction might depend; or, that the evidence adduced was given *coram non judice*, in the event the court should finally determine it had no jurisdiction to grant ultimate relief in the case. The testimony of this witness was taken under the sanctity of an oath lawfully administered, and we cannot perceive wherein appellee, by her replication or otherwise, controverts this fact. We think this contention is without merit.

The third and further objection presented by the record is that the appellee was permitted to testify in her own behalf, the action being one wherein appellant defended in his representative capacity, as executor, etc. She was first called by defendant to prove the execution of a paper filed of record, giving notice of her claim to the property in question. She was then, over defendant's objection, allowed to testify in her own behalf. Our statute, section 3641, provides " That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf * * * when any adverse party sues or defends * * * as executor * * *, unless when called as a witness by such adverse party, so suing or defending." Gen. Stats. 1883.

It will be seen that the statute prohibits parties to an action from testifying when the adverse party sues or defends in a representative capacity, of their own motion, or in their own behalf, unless called by the adverse party; but when called as a witness by such party, the inhibition of the statute is removed and they become competent to testify as fully as any other witness in the case. *Warren v. Adams*, 19 Colo. 515.

The court below, therefore, correctly held that defendant, by calling appellee as a witness in the first instance, made her a competent witness for all purposes. Our conclusion is that the record before us presents no reviewable error that justifies a reversal, and the judgment is accordingly affirmed.

*Affirmed.*

### ON REHEARING.

PER CURIAM. Upon rehearing it is urged that we erred in our former opinion in holding that, for want of an exception to the final decree, we were precluded from considering the sufficiency of the evidence to sustain the defense of *res adjudicata*, since that defense was not put in issue by the replication, and stood admitted upon the face of the pleadings; and hence it appeared upon the record proper that the court had no jurisdiction to render judgment in favor of appellee.

We are not clearly satisfied that the plea of *res adjudicata* relied on conclusively shows an adjudication in the former suit of the particular cause of action set forth in the complaint herein, and under the view we take of the matter as now presented, it is unnecessary to determine that question.

Appellant, upon the trial, and throughout the proceedings in the court below, treated this defense as though it had been controverted, introduced evidence in support thereof, and submitted the issue to be determined as one of fact. Having thus proceeded as though the matter was in issue, it is too late now to raise the objection for the first time that, in fact, this defense was not traversed. *Quimby v. Boyd,* 8 Colo. 194.

In that case the answer contained new matter that, if not traversed by the replication, entitled defendants to judgment; but the defendants having submitted the cause to trial upon the evidence as though issue were joined, this court held that " by introducing evidence to prove the affirmative allegations of their answer they treated them as controverted and put in issue; and it is now too late to raise the

specific point, for the first time, that there was no issue to try.  The objection has clearly been waived."

We think that upon the record before us we were correct in holding that the defense of *res adjudicata* was determined upon the evidence introduced, and no exception having been taken to the final decree, we are precluded from considering the sufficiency of that evidence, and therefore adhere to our former opinion.

*Affirmed.*