## JANUARY TERM, 1896.

22    71
e30   227
22    71
19a    4

### THE COLORADO FUEL COMPANY v. THE MAXWELL LAND GRANT COMPANY.

1. APPELLATE PRACTICE—EXCEPTIONS.

An exception to the final judgment properly preserved and brought into the record by bill of exceptions is essential to obtain a review of the judgment upon the facts, or the law as applied to the facts.

2. EVIDENCE.

A certificate of acknowledgment to an instrument required by law to be acknowledged· is *prima facie* evidence of the officer's authority to take the acknowledgment.

3. GOVERNMENT SURVEYS—COLLATERAL ATTACK.

A survey of public land made by the proper officers of the United States and confirmed by the land department is *not open to collateral attack*.

*Appeal from the District Court of Las Animas County.*

ON THE 7th day of November, 1889, The Maxwell Land Grant Company instituted this action against The Colorado Fuel Company to quiet title to 800 acres of land situate in township 34, range 64, in Las Animas county, Colorado, averring ownership and possession of the land under and by virtue of a patent issued by the United States to Carlos Beaubien and Gaudalupe Miranda, on the 19th of May, 1879, for a grant of land made to them by the Republic of Mexico in 1841, and known as the " Beaubien and Miranda," or " Maxwell," land grant; and various mesne conveyances. The defendant's claim of title is based upon certain patents issued in 1880, upon homestead entries made in 1878. The case was tried to the court and judgment rendered in favor of plaintiff. To reverse this judgment defendant brings the case here on appeal.

Mr. D. C. BEAMAN, for appellant.

Mr. J. M. JOHN and Mr. CHARLES E. GAST, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The record fails to disclose that any exception to the judgment was, properly preserved. The statement in the order allowing the appeal, that an exception was taken to the final judgment, is not sufficient. It constitutes no part of the record. *Burnell v. Wachtel*, 4 Colo. App. 556. Under the uniform decisions of this court and the court of appeals, an exception to the final judgment, properly preserved and brought into the record by a bill of exceptions, is essential to obtain a review of the judgment upon the facts, or the law as applied to the facts. *Jerome v. Bohm*, 21 Colo. 322, and cases there cited. Upon this record, therefore, we are limited to the consideration of those assignments based upon exceptions, duly preserved, to the rulings of the trial court, upon the admission and rejection of testimony.

Among these are objections to the admission in evidence of the patent from the government to Beaubien and Miranda, and various mesne conveyances through which The Maxwell Land Grant Company deraigns title. Counsel for appellant in his argument challenges the sufficiency of this evidence to sustain plaintiff's title, but assigns no reason why it was inadmissible. An examination of these various instruments satisfies us that they were properly admitted. What weight they were entitled to as evidence, in support of plaintiff's title, is not for us to determine upon this record. The objection to the introduction of the articles of incorporation of The Maxwell Land Grant and Railway Company upon the ground stated was also, we think, properly overruled. The certificate is *prima facie* evidence of the officer's authority to take the acknowledgment. *Keichline v. Keichline,* 54 Pa. St. 75.

Without noticing in detail the numerous errors assigned upon the admission of testimony on the part of plaintiff, it is sufficient to say that in our opinion they are without merit, and that the court below committed no error in the rulings complained of. On cross-examination of the witness Archibald, and by witnesses introduced in its behalf, appellant

sought to prove that the calls in the original grant to Beau-
bien and Miranda were different from the calls of the official
survey, and proposed to follow this by proof that the bound-
ary as defined in the original grant does not cover the land
in dispute.   The court below rejected this testimony.   This
ruling is complained of and principally relied on as constitut-
ing a ground for reversal.   The question thus presented has
been considered by the supreme court of the United States in
several cases, and determined adversely to the claim of appel-
lant.   In the *Maxwell Land Grant Case*, 121 U. S. 325, a
suit brought to set aside this patent, the court says:

" In regard to the questions concerning the surveys, as to
their conformity to the original Mexican grant, and the frauds
which are asserted to have had some influence in the making
of those surveys, so far from their being established by that
satisfactory and conclusive evidence which the rule we have
here laid down requires, we are of opinion that if it were an
open question, unaffected by the respect due to the official
acts of the government upon such a subject, depending upon
the bare preponderance of evidence, there is an utter failure
to establish either mistake or fraud."

In the case of *Beard v. Federy*, 3 Wall. 478, it was said by
the court, in discussing this question, on page 492:

" By it [the patent] the government declares that the claim
asserted was valid under the laws of Mexico; that it was en-
titled to recognition and protection by the stipulations of the
treaty, and might have been located under the former gov-
ernment, and is correctly located now, so as to embrace the
premises as they are surveyed and described.   As against the
government this record, so long as it remains unvacated, is
conclusive.   And it is equally conclusive against parties claim-
ing under the government by title subsequent. * * * The
term ' third persons,' as there used, does not embrace all per-
sons other than the United States and the claimants, but only
those who hold superior titles, such as will enable them to
resist successfully any action of the government in dispos-
ing of the property."

The same doctrine was affirmed in *More v. Steinbach*, 127 U. S. 70, and in case of *Russell v. Maxwell Land Grant Co.*, 158 U. S. 253, the identical question here presented was before the court, and Mr. Justice Brewer, who delivered the opinion of the court, said :

" The accuracy of the survey is, therefore, so far as the government is concerned, no longer open to inquiry. If in a direct proceeding in equity brought by the United States to set aside the patent on the ground of error in the survey the matter has become *res judicata*, it would seem that the patentee could not be compelled in every action at law between itself and its neighbors to submit the question of the accuracy of the survey as a matter of fact to determination by a jury. Nor is the matter open to such inquiry. A survey made by the proper officers of the United States, and confirmed by the land department, is not open to challenge by any collateral attack in the courts."

And after quoting at some length from the foregoing cases, he continues :

" These authorities are decisive upon this question. And in the nature of things a survey made by the government must be held conclusive against any collateral attack in controversies between individuals. There must be some tribunal to which final jurisdiction is given in respect to the matter of surveys, and no other tribunal is so competent to deal with the matter as the land department. * * * Take the particular case at bar ; if the survey is not conclusive in favor of the plaintiff, it is not conclusive against it. So we might have the Land Grant Company bringing suit against parties all along its borders, claiming that, the survey being inaccurate, it was entitled to a portion of their lands, and, as in every case the question of fact would rest upon the testimony therein presented, we should doubtless have a series of contradictory verdicts."

We think, therefore, that the rulings of the court below upon this matter were in conformity to the doctrine announced in the foregoing cases, and the testimony offered

was properly excluded. Upon a careful examination of the matters presented by the record for our consideration, we find no error in the rulings of the court below that would justify a reversal, and its judgment must be affirmed.

*Affirmed.*