[No. 5618.]

THE ERIE MINING AND MILLING COMPANY v. GEARING.

1. **Appellate Practice — Bill of Exceptions — Sufficiency of Evidence.**

   Where no exception to a judgment is taken and preserved in the bill of exceptions, the sufficiency of the evidence to sustain the verdict cannot be considered unless such question was fairly presented on a motion for a new trial, and thus presented to the appellate court.—P. 182.

2. **Appellate Practice — Abstract — Sufficiency — Supreme Court Rules.**

   On appeal, a motion for a new trial was relied on as presenting the question of the sufficiency of the evidence, but the only reference thereto in the abstract was "Affidavit of M. L. Brown, on motion for a new trial showing remarks of counsel in arguments objected to," and it did not appear that any exception was reserved to any ruling the court might have made. Held, that this is a plain violation of supreme court Rule 14, requiring the points relied on for reversal to be fully set forth in the abstract, and that, therefore, the sufficiency of the evidence to sustain the judgment cannot be reviewed.—P. 183.

*Appeal from the District Court of San Miguel County.*

*Hon. Theron Stevens, Judge.*

Action by Benjamin L. Gearing against The Erie Mining and Milling Company. From a judgment for plaintiff, defendant appeals.    *Affirmed.*

Messrs. Fitzgerald & Brown, for appellant.

Mr. H. M. Hogg and Messrs. Watson & Adams, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

There were three assignments of error in this action. The first and second relate to the admission of testimony over the objection of defendant, and the exclusion of testimony upon the objection of the plaintiff. The third assignment is that the court erred in overruling defendant's motion for a new trial, because the verdict was not supported by the evidence and was against the instructions of the court. As to the first two assignments, the appellant in its brief contents itself with simply mentioning them. We have taken the trouble to examine the testimony as contained in the abstract for the purpose of determining whether or not the court erred in overruling the objection of the defendant in one case, and sustaining the objection of the plaintiff in the other, and are satisfied that no prejudicial error was committed. We do not feel compelled to make an analysis or an argument to sustain our ruling in this matter; because, if counsel had faith that the assignments were meritorious, they should give some reason for such belief.

No exception was saved to the judgment of the court rendered in this case, and consequently we

cannot review the testimony for the purpose of determining whether or not it is sufficient to support the verdict. In order to have this court consider the question as to whether or not the evidence is sufficient to sustain a judgment, an exception to the judgment must be taken and preserved by the bill of exceptions.—*French v. Guyot,* 30 Colo. 222; *Goldsmith v. Newhouse,* 19 Colo. App. 1.

If it be said that the matter of the sufficiency of the evidence to sustain the judgment was fairly presented to the court by the motion for a new trial, and presenting the question in that form is sufficient to enable us to pass upon it even though the judgment had not been excepted to, we are still in no better position than we would be had no motion for a new trial been made, for the reason that the only thing contained in the abstract concerning the motion for a new trial is as follows: "Affidavit of M. L. Brown on motion for a new trial showing remarks of counsel in arguments objected to." We are unable to determine from this what, if any, motion for a new trial was made, and what, if any, ruling was rendered by the court in relation to it. There does not appear to have been any exception reserved. This is in plain violation of Rule 14 of this court, which requires that such matters be fully set forth in the abstract. Consequently, we are unable to pass upon this assignment of error.—*Wilson v. Kent,* 38 Colo. 496; *McPhee & McGinnity v. Fowler,* 36 Colo. 202; *Brock v. Schradsky,* 6 Colo. App. 402.

For the reason that the first two assignments of error do not appear to be meritorious, and the third and only remaining one is not presented in accordance with the rules of this court, the judgment will be affirmed.                                        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.