[No. 4901.].

## BIG KANAWHA COMPANY v. JONES.

1. **Bill of Exceptions—Requisites—**A bill of exceptions must be allowed and sealed by the judge who presided at the trial; he must certify that it is full, complete and correct. A transcript of the notes of a stenographer taken at the trial without caption or proper conclusion, not containing the instructions given or refused, or any exceptions thereto, will not be accepted, though signed and sealed by the presiding justice.—(383)

2. **When· Necessary —** Exceptions to instructions must be preserved by bill.—(385)

An exception must be reserved to the judgment, in order to assign for error the insufficiency of the evidence to sustain it. An exception taken merely to the entry of judgment at a particular point of time will not avail.—(385, 386)

Error assigned upon the denial of a motion for nonsuit will not be examined where there is no bill of exceptions.—(386)

3. **Construction—**A bill of exceptions is a pleading of the aggrieved party, and will be construed most strongly against him.—(384)

4. **Constitutional Law—**The Fellow Servant Act of March 28, 1901 (Laws 1901, 161), is constitutional.—(387)

*Appeal from Mineral District Court—*Hon. CHARLES C. HOLBROOK, Judge.

Mr. RALPH HARTZELL, and Mr. W. E. HUTTON, for appellee.

Mr. C. H. PIERCE, and Messrs. RICHARDSON & HAWKINS, for appellant.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Defendant appealed from a judgment in plaintiff's favor in an action to recover damages for personal injuries sustained by the deceased husband of plaintiff, which she says were occasioned by defendant's negligence. The appellee moved to dismiss the appeal because it was not prayed for within the period of five days from the time judgment was rendered, as our statute controlling appeals prescribes. There is an exhaustive and interesting discussion by respective counsel upon this motion in the briefs, but since the questions argued are, under our present statute, of no practical importance, and as we are compelled on other grounds urged by appellee, to affirm the judgment, we shall, for the purpose of this decision assume, but not decide, that the appeal is properly pending.

The appellant asks a reversal because of alleged errors of the trial court in overruling its motion for a nonsuit interposed at the close of plaintiff's evidence upon the ground that her case was not made out; that the so-called "Fellow Servant Act" of our general assembly of 1901, upon which appellant says plaintiff's cause of action is based, is unconstitutional and void, because it was not properly passed by the general assembly; and its substantive provisions deprive it of its property without due process of law; that the court erred in giving and refusing instructions, and that the evidence. as a whole, is insufficient to sustain the verdict.

In the state of the record, as we find it, appellant is not in position to be heard on any of these questions: There is no bill of exceptions in the record.

What counsel for appellant claims to be such is nothing more than a long-hand extension of the notes which the official stenographer of the court certifies is a full, true and correct transcript of all the evidence which he, as official stenographer, took at the trial. A bill is something more than a transcript of the testimony. That is only a part of it. There is no beginning, or caption, or proper ending to this paper, such as we are accustomed to see in the ordinary form of bills of exception. It is true the trial judge signed and sealed this paper, but he does not certify that it was presented to him as a bill of exceptions, or that he approved or settled it as such, or that it is correct, but merely permits it to be filed and made part of the record. The stenographer's certificate has no significance whatever. Of course, if it should be made to appear that the trial judge intended to adopt, and make his own, the certificate of the stenographer, another question would be presented. It is the usual practice in this state for an appellant, or plaintiff in error, to prepare a bill of exceptions, and submit it to opposing counsel for examination and approval, before tendering it to the trial judge. If such was done in this case, the record does not show it, and we are constrained to believe, from a careful examination of the writing, that the trial judge, merely to save the rights of appellant as to time, signed and sealed it, not as a bill of exceptions, but as a part of what might thereafter become such, if the same should be incorporated in a bill. There is no statement by the trial judge that he approved or settled this bill, and he alone is invested with that power and charged with that duty. He must not only sign and seal a bill, but he must also allow it; that is, find and certify that it is full, complete and correct; and it cannot become part of the record until all these acts are performed. This

court has repeatedly held that the parties themselves, by stipulation, cannot do away with a bill of exceptions, duly approved and settled by the trial judge. As one of the reasons for that ruling it is said that such a practice would permit the parties to stipulate facts which were not presented to the trial court, and thus call upon this court to review questions not decided below, but entirely new and different ones. —*City of Denver v. Capelli,* 3 Colo. 235; *Ross v. Duggan et al.,* 5 Colo. 85; *McKenzie v. Ballard,* 14 Colo. 426; *Kelley v. U. P. Ry. Co.,* 16 Colo. 455; *Leppel v. District Court,* 33 Colo. 24.

It has also been held that a bill of exceptions under our practice act is to be regarded as a pleading of the party aggrieved, and if it be in any way ambiguous or uncertain must be construed, like any other pleading, most strongly against the party who prepared it.—*Martin v. Force,* 3 Colo. 199; *Taylor v. Randall,* 3 Colo. 399.

We have held that a bill allowed and signed by the trial judge cannot be considered on review if the seal of the judge is omitted. *A fortiori,* it cannot be if it is not allowed, though signed and sealed, which is the case here.—*Marshall S. M. Co. v. Kirtley,* 8 Colo. 108; *Gates v. People,* 11 Colo. 292; *Reed v. Cates,* 11 Colo. 527.

In *Haraszthy v. Horton,* 46 Cal. 545, a document similar to this, purporting to be a bill of exceptions, was held not to be such. *State v. Bercaw,* 132 Ind. 260, holds that a stenographer's report of the evidence, brought up by the clerk, is not a bill of exceptions. On the same principle the stenographer's transcript is not. In Elliott on Appellate Procedure, secs. 821, 822, there is said to be a necessity for a stenographer's transcript to be incorporated into a bill of exceptions, and signed and sealed, in that

form, before it can be considered by an appellate court.

Under these authorities we are clearly of opinion that there is no proper bill of exceptions in the case.

But if we should overlook or disregard the lack of conformity to our established rule in the respects indicated, and hold that what appellant claims to be, is, in legal effect, a bill of exceptions, there certainly is no recital or statement that it contains all the evidence which was produced at the trial. The bill on its face does not purport to say so. The only statement on that subject is that of the stenographer that it is a full and true transcript of the evidence which he took at the trial. The judge has not, so far as the bill shows, adopted the stenographer's statement as his own, but if he had it might well be that other evidence than that taken by the stenographer was introduced at the trial, for he does not assume to say that other evidence, documentary and other kinds, was not produced. Then, too, the alleged bill does not contain any of the instructions given or refused, or any exceptions thereto which appellant says he saved to the rulings of the court thereon. Some instructions are set out in the record proper, but the appearance there of a part only of the charge is of no avail. Exceptions thereto must be preserved by bill. We cannot, therefore, even if there is a bill, examine the evidence for the purpose of determining its sufficiency to support the judgment, or the rulings on a part of the charge.

Furthermore appellant did not except to the judgment. After the return of the verdict the following took place:

"By Mr. Hartzell: Defendant excepts to the verdict and the receipt thereof by the court and to the form thereof and asks for fifteen days in which to file a motion for a new trial.

"By the court:   Very well.

"By Mr. Pierce:   If Your Honor please, we move for judgment upon the verdict.

"By the court:   Let the judgment be entered upon the verdict, and defendant will be given fifteen days in which to file a motion to vacate the judgment.

"By Mr. Hartzell:   Defendant excepts to the entry of judgment at this time.

"By the court:   It is our universal rule in this district, to enter judgment upon the verdict."

It is to be observed that defendant's counsel was asking for time within which to file a motion for a new trial, and until that was determined could not definitely know that there would be a judgment from which defendant would want to take an appeal. After plaintiff had moved for judgment upon the verdict the court stated that it would then be entered, and defendant given time within which to file his motion to vacate it.   Defendant's counsel excepted to the entry of judgment at that time.   It would seem from the foregoing that defendant's counsel did not intend to except to the judgment, so that he might question the sufficiency of the evidence to sustain it, but his objection went only to the point that he did not wish to have it entered until after the ruling was made on the motion for a new trial.

But appellant says that, since at the close of plaintiff's evidence he moved for a nonsuit, and his motion was overruled, and exception to such ruling then taken and preserved, he is entitled now to be heard upon the insufficiency of plaintiff's evidence to support the verdict, even though no objection to the final judgment was made.—*Alta Investment Co. v. Worden*, 25 Colo. 215, is cited.   To this contention we observe, first, that appellant's exception to the order overruling his motion for nonsuit is not properly preserved by bill: but if it was, still appellant is pre-

cluded from urging his objection. In the *Worden case* we held that the appellant there was entitled to be heard upon such an objection, because, from an examination of the entire evidence, which was properly brought up in the record, it appeared that the plaintiff's case was not aided by defendant's proofs. Here, however, we can make no such investigation, because there is no bill of exceptions which contains the evidence of either party.

The constitutional questions which counsel seeks to raise are not involved. The point that the substantive provisions of the act are void has already by this court been ruled against appellant's contention.—*Vindicator Co. v. Firstbrook,* 36 Colo. 498.

If the bill was not constitutionally passed in the senate, as the appellant claims, there is no evidence preserved in this record tending to prove it.

Perceiving no prejudicial error in the record which appellant is in a position to urge upon this review, the judgment must be affirmed.

Decision *en banc.*                    *Affirmed.*

*Petition for rehearing denied.*