[No. 5934.]

## SCHUCH v. HARTSHORN ET AL.

**Bill of Exceptions — Where Required —** Where the cause is
tried by the court, there can be no review upon the facts, unless
an exception is reserved to the judgment, and such exception is
presented by a bill of exceptions. The statement of the clerk
upon the record that an exception was taken is without effect.
—(353)

*Appeal from Rio Grande District Court*—Hon.
CHARLES C. HOLBROOK, Judge.

Mr. JESSE C. WILEY, Mr. STEPHEN W. RYAN, and
Messrs. RICHARDSON & HAWKINS, for plaintiff in
error.

Mr. CHARLES M. CORLETT, and Mr. GEORGE M.
CORLETT, for defendants in error.

Mr. JUSTICE WHITE delivered the opinion of the
court:

June 29, 1905, Dana W. Hartshorn, Jr., obtained
a judgment in the district court of Conejos county,
against The Hartford Gold Extraction Company, a
Colorado corporation, upon a cognovit note, executed
on the 28th day of June, 1905, by the latter in favor
of the former. An execution was issued upon the
judgment, and delivered to August J. Weiss, the
sheriff of Rio Grande county, who thereupon levied
upon certain property of the defendant company,

there situate, and advertised to sell the same to satis-
fy the judgment and costs.

Philip Schuch, Jr., for himself and others simi-
larly situated, brought this suit to prevent the sale of
the property, and to enjoin the collection of the judg-
ment.    The gist of the complaint is, that Schuch was
a stockholder and director of The Hartford Gold Ex-
traction Company; that Hartshorn was likewise a
stockholder therein, and together with a majority of
the board of directors of the corporation, conspired,
confederated and agreed together, and with each
other, to so conduct and manage the affairs of the
corporation as to deprive Schuch of his interest there-
in, with a view of wrecking the corporation, and
securing title to all of its property, either in Harts-
horn, or some other person selected; that as a part
of the conspiracy, and to effectuate the ends thereof,
the cognovit note, upon which the judgment was ren-
dered, was executed and delivered; that the pur-
ported consideration of the note was wholly fictitious
and void, and its execution and delivery a fraud upon
the corporation and Schuch.

A preliminary injunction was granted, an answer
filed, and the cause finally heard.    February 13, 1906,
the court made findings, that "while the nature and
conditions of the promissory note mentioned in the
pleadings in this case, and the manner of taking judg-
ment on the same in the district court at Conejos,
were such as might reasonably create suspicion as to
the *bona fides* of the demand, it appears from the
evidence in this case that the indebtedness repre-
sented by the said promissory note existed and was
just," and dissolved the temporary injunction there-
tofore issued, and rendered judgment dismissing the
action.    Schuch appealed to this court, and contends
that the judgment and decree were wrong, as the

evidence showed that the cognovit note was fraudulent.

Counsel, who now represent Schuch, concede, that this court is without jurisdiction to entertain the appeal, as it is not for such sum, nor does it relate to a matter, that may be reviewed on appeal, but request that the case be considered as pending on error under sec. 388-A of the Code. As the parties joined issue, and appeared, in this court, within the time a writ of error might have been sued out and *scire facias* served, we will so order, and proceed to dispose of the case.—*Jensen v. Eagle Ore Co.,* 47 Colo. 306; 107 Pac. 259.

The contention of plaintiff in error is based wholly upon the alleged insufficiency of the evidence to support the findings and judgment of the court.

We are precluded from considering the objection. No exception to the judgment is preserved in the bill of exceptions. The judgment and findings appear in the record proper, and following the entry of the findings, and the order for judgment, it is stated that an exception was taken to the action of the court in the premises. That entry, however, constitutes no part of the record. The only entry appearing in the bill of exceptions referring to the judgment is, "the court rendered its decision and judgment, the same being in writing and filed with the clerk." While the judgment is a part of the record, without being embodied in the bill of exceptions, the exceptions to the judgment in the form of an addendum thereto, are not, and can only be made so, by including them in the bill of exceptions.

"Exceptions to the rulings and decisions of the court can be brought into the record only by bill of exceptions allowed, signed and sealed by the judge. Where a cause is heard by the court, an exception to the final judgment is necessary to authorize the ap-

(23)

pellate court to review the judgment upon the facts, or upon the law as applied to the facts; but the exception must be made a part of the record in the manner prescribed by law, otherwise it cannot be noticed.''—*Burnell v. Wachtel,* 4 Col. App. 556, 557.

In *Colorado Fuel Company v. Maxwell Grant Company,* 22 Colo. 71, 72, it is said that, ''Under the uniform decisions of this court and the court of appeals, an exception to the final judgment properly preserved and brought into the record by a bill of exceptions, is essential to obtain a review of the judgment upon the facts, or the law as applied to the facts.''

Such has been the uniform holding of this court. —*French v. Guiot,* 30 Colo. 222; *Erie M. & M. Co. v. Gearing,* 43 Colo. 181, 182.

The trial was to the court, and the findings and judgment were in favor of the defendants. We are not authorized, under the assignments presented, to interfere with the conclusions of the trial court. We, therefore, must necessarily affirm the judgment.

*Affirmed.*

Chief Justice Steele and Mr. Justice Bailey concur.